**Harry J. ALKER, Jr., Appellant,**

v.

**George M. HUMPHREY, Secretary of
the Treasury, Appellee.**

**No. 13358.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 15, 1957.

Decided April 11, 1957.

Mr. John A. Ryan, Washington, D. C.,
for appellant.

---

1. 1955, 96 U.S.App.D.C. 273, 225 F.2d 924, certiorari denied 1955, 350 U.S. 884, 76 S.Ct.
137, 100 L.Ed. 780.

Mr. Milton Eisenberg, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., and Mr. Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, FAHY and BASTIAN, Circuit Judges.

## PER CURIAM.

Charges of professional misconduct were brought against appellant Alker by the Director of Practice of the Treasury Department. Alker was a member of the bar of Pennsylvania and a member of the Treasury Department bar. He was notified of the charges in writing and was offered an opportunity for a hearing before an examiner.[1] After some five or six continuances at Alker's request, the hearing was set for May 20, 1954. Another motion for continuance was made based upon an allegation that appellant was ill and was physically unable to appear. The examiner held a hearing on the motion, took testimony, and denied the motion. The hearing proceeded the next day, neither Alker nor his counsel being in attendance. Eighteen witnesses testified. The examiner wrote Alker, offering him an opportunity to produce witnesses or evidence or to take depositions. Proposed findings were made, exceptions taken, and briefs filed. The examiner recommended disbarment. Appeal was taken to the Secretary, who offered another opportunity for hearing upon written request. No request was made. The Secretary affirmed the examiner. Alker brought a civil action for declaratory judgment and injunctive relief. The District Court granted summary judgment for the Secretary.

Appellant makes two points: (1) that the examiner abused his discretion in denying a continuance of the hearing set for May 20th and (2) that Alker did not receive a fair hearing. The record does not support either point. The judgment of the District Court is

Affirmed.

---

1. 23 Stat. 258 (1884), 5 U.S.C.A. § 261.