UNITED STATES of America,
Plaintiff-Appellee,

v.

Paul C. WASHBURN, Defendant-Appellant.

No. 73-2818
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 20, 1973.

Robert L. Saylor, West Palm Beach, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Miami, Fla., Scott P. Crampton, Meyer Rothwacks, Asst. Attys. Gen., John P. Burke, Max D. Wheeler, Attys., Tax Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Washburn, a tax consultant, was convicted in a jury trial of violating 26 U.S.C.A. § 7206(2) by preparing and presenting a fraudulent tax return for a client. Washburn not only prepared a joint return in 1968 for his client, who was estranged from his wife, when the wife had specifically rejected the idea of jointly filing and, indeed, filed a separate return instead, but Washburn also signed the wife's name to the return pursuant to a claimed power of attorney which he in fact did not have. In the return, certain of the wife's losses were claimed against the husband-client's income.

Washburn contends that the Government's evidence was insufficient to sustain the verdict. We disagree. Viewed in the light most favorable to the Government, Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, there was abundant evidence to support the verdict.

Finally Washburn urges that the prosecutor made an improper argument to the jury. Having failed to object to

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

the argument in the district court Washburn now would have us invoke the plain error rule.

We are wholly unpersuaded that the prosecutor's argument falls within that category of exceptional circumstances that would call for a reversal to prevent a clear miscarriage of justice. United States v. Flanagan, 5 Cir. 1971, 445 F.2d 263; United States v. Nolte, 5 Cir. 1971, 440 F.2d 1124. On the contrary, it is manifest from a fair reading of the argument and the trial court's charge to the jury that the Government's case was properly presented in summation.

Affirmed.