**Paul C. WASHBURN, Plaintiff,**

v.

**Leslie S. SHAPIRO, Director of Practice of the Internal Revenue Service, et al., Defendants.**

**No. WPB–75–72–Civ–CF.**

United States District Court, S. D. Florida.

Feb. 10, 1976.

---

**6**

Farish & Farish, West Palm Beach, Fla., for plaintiff.

F. Kendall Slinkman, U. S. Dept. of Justice, Washington, D. C., Robert W. Rust, U. S. Atty., Miami, Fla., for defendants.

## ORDER

## BACKGROUND

FULTON, Chief Judge.

On April 16, 1975, plaintiff, Paul C. Washburn, an accountant, filed his complaint in this Court seeking review of the administrative proceedings which resulted in his disbarment from practicing before the Internal Revenue Service. Jurisdiction in this Court is asserted by virtue of 28 U.S.C. §§ 1332, 1340, 1343; 26 U.S.C. § 7402; and 42 U.S.C. § 1983. The defendants are Leslie S. Shapiro, the Director of Practice of the Internal Revenue Service of the United States Department of the Treasury; Richard R. Albrecht, General Counsel for the Department of the Treasury; Kenneth L. Travis, an administrative law judge acting on behalf of the Department of the Treasury; Leonard J. Ralston, a retired administrative law judge, who acted on behalf of the Department of the Treasury; William E. Simon, Secretary of the Department of the Treasury; and the Department of the Treasury which is part of the executive department of the United States government.

On July 12, 1973, in this Court, Paul C. Washburn was convicted of violating 26 U.S.C. § 7206(2) which prohibits willfully and knowingly aiding, assisting, counselling, procuring or advising the preparation or presentation to the Internal Revenue Service of a tax return which is fraudulent or false as to any material matter. This conviction arose from Washburn's having prepared a joint return for Edward B. McLean, which return Washburn signed for both Mr. McLean and his wife. Washburn, however, had no power of attorney to sign on Mrs. McLean's behalf, and knew that she had filed a separate return. The conviction was affirmed by the Fifth Circuit Court of Appeals, 488 F.2d 139 (1973). Washburn then filed a motion for new trial on the ground of newly discovered evidence in this Court, which motion was denied on February 14, 1974. The Fifth Circuit affirmed this denial, 500 F.2d 575 (1974), and the Supreme Court denied Washburn's petition for certiorari, 419 U.S. 1106, 95 S.Ct. 776, 42 L.Ed.2d 801 (1975).

On October 10, 1973, the Director of Practice, United States Department of the Treasury, notified plaintiff that he was considering the institution of disbarment proceedings against the plaintiff. These proceedings were instituted on February 14, 1974. Plaintiff's attorney moved for a continuance of ·the disbarment hearing which was set for May 29, 1974 based on the then pending appeal to the Fifth Circuit of the district court's denial of Washburn's motion for new trial. The motion for continuance was denied, and the hearing was held as scheduled on May 29, 1974.

The plaintiff (respondent, therein) did not personally appear at the hearing; however, he was represented by his present counsel. His attorney did not

submit any evidence on his behalf, but did file a motion to dismiss based on the ground that plaintiff had not yet been finally convicted. The Director of Practice proffered no live witnesses, but submitted eleven documentary exhibits, mostly over plaintiff's objection.

On June 28, 1974, Administrative Law Judge Leonard J. Ralston, before whom the hearing had been held, retired, and the case was transferred to Administrative Law Judge Kenneth L. Travis. Judge Travis entered his initial decision on September 3, 1974. In his decision Judge Travis concluded that Washburn's conviction of an offense under 26 U.S.C. § 7206(2) constituted a conviction of a criminal offense under the revenue laws of the United States for which he might be disbarred or suspended from practice before the Internal Revenue Service. He held that Washburn had been shown to be disreputable within the meaning of 31 C.F.R. § 10.50 in view of his criminal conviction and the conduct supporting it. He ordered the respondent disbarred from further practice before the Internal Revenue Service subject only to the condition that if his conviction were nullified the disbarment would be terminated. The plaintiff appealed that decision and on February 24, 1975, the General Counsel of the Treasury Department issued his decision affirming the initial decision of the administrative law judge. The General Counsel's decision constitutes the final administrative action in the matter.

Plaintiff alleges that the administrative proceeding which resulted in his disbarment was conducted in such a manner as to deprive him of his right to substantive and procedural due process of law. In count I plaintiff seeks an injunction enjoining the defendants from preventing him from practising before the Internal Revenue Service and requiring his reinstatement. In count II, he seeks damages.

Defendants have filed a motion to dismiss or in the alternative for summary judgment asserting that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. Plaintiff has cross-moved for summary judgment.

The Court has reviewed all of the evidence, the initial decision of the administrative law judge, the affirmance by the General Counsel of the Treasury Department, and the memoranda filed by the parties in connection with the pending motions. The Court concludes that defendants' motion should be granted for a number of reasons to be hereinafter enumerated.

## SUBJECT MATTER JURISDICTION

■ The first ground raised in defendants' motion to dismiss or for summary judgment is that the action should be dismissed for lack of subject matter jurisdiction. Defendants contend that 28 U.S.C. § 1340 and 26 U.S.C. § 7402 are insufficient to confer jurisdiction in this Court. In response to this argument plaintiff requested leave to amend his complaint to add several additional statutes as bases for jurisdiction, which leave was granted. Since it appears that the Court does have jurisdiction by virtue of 28 U.S.C. § 1332, the Court need not decide whether jurisdiction was validly conferred by 28 U.S.C. § 1340 or 26 U.S.C. § 7402.

## IMMUNITY FROM SUIT

■ Since all of the personal defendants were or are officials in the federal government, defendants argue that count II which seeks damages should be dismissed as to them on the ground of official immunity. In *Barr v. Matteo*, 360 U.S. 564, 575, 79 S.Ct. 1335, 1341, 3 L.Ed.2d 1434 (1959), Justice Harlan held that a federal officer is immune from a civil suit for damages if he performs "discretionary acts at those levels of government where the concept of duty encompasses the sound exercise of discretionary authority." Thus an official must be performing the type of discretionary function that entitled him to immunity from suit, and the act complained of must be within the outer perimeter of the official's line of duty.

8

See also *Romeo v. United States*, 462 F.2d 1036 (5th Cir. 1972); *Norton v. McShane*, 332 F.2d 855 (5th Cir. 1964). The purpose of the doctrine is to ensure that government officials are free to exercise their duties without fear of damage suits in respect to acts done in the course of their duties. *Barr v. Matteo, supra.*

Plaintiff argues that the doctrine of official immunity has been eroded by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens*, the Court held that a claim for damages for violation of a person's fourth amendment rights states a cause of action. The Court expressly declined to consider the question of defendants' immunity because it had not been considered by the lower courts. On remand, the Second Circuit held that the federal officers in question were not immune from suit for damages. 456 F.2d 1339, 1343 (2d Cir. 1972). The Second Circuit found that the federal officers were performing police duties and that making an arrest is not deemed to be a discretionary function. Since it found that the defendants were not "[performing] discretionary acts at those levels of government where the concept of duty encompasses the sound exercise of discretionary authority," *Barr v. Matteo, supra*, 360 U.S. at 575, 79 S.Ct. at 1341, they were not entitled to the doctrine of immunity as established by Justice Harlan. Thus it is clear that the Second Circuit did not erode but merely followed the guidelines set out in *Barr v. Matteo*, and found the doctrine not applicable on the facts of the case.

■ Although there is no clear test to distinguish acts of discretion, Justice Harlan held that "the broader the range of· responsibilities and duties . . . the wider the scope of discretion . . . ." *Barr v. Matteo, supra*, 360 U.S. at 573, 79 S.Ct. at 1340. It is clear that the defendants here were acting at those levels of government where the concept of duty encompasses the sound exercise of discretionary authority, and

on the basis of *Barr v. Matteo,* are immune from civil suit for damages.

■ Defendants also argue that in addition to official immunity, defendants Travis and Ralston are also immune from suit for civil damages on the basis of judicial immunity. *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Accordingly, the Court concludes that count II of the complaint in which damages is sought must be dismissed as to the personal defendants.

■ The Department of the Treasury is not an entity subject to suit and therefore should be dismissed from the complaint. *Krouse v. United States Government Treasury Department Internal Revenue Service*, 380 F.Supp. 219 (C.D. Cal.1974). See *Blackmar v. Guerre*, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952) (Civil Service Commission could not be sued); *United States Department of Agriculture v. Hunter*, 171 F.2d 793 (5th Cir. 1949) (Department of Agriculture is· not a juridical person and therefore not a suable entity); *Baumohl v. Columbia Jewelry*, 127 F.Supp. 865 (D.Md.1955) (U.S. Treasury Dept., IRS, not a legal entity which can be sued in the federal district court).

## SUBSTANTIVE DUE PROCESS

Considering the complaint on the merits, defendants contend that the administrative proceedings which resulted in plaintiff's disbarment were entirely proper, both substantively and procedurally. The Court agrees.

The substantive law governing plaintiff's disbarment is Section 1026 of Title 31 of the United States Code which provides:

The Secretary of the Treasury may prescribe rules and regulations governing the recognition of agents, attorneys, or other persons representing claimants before his department, and may require of such persons, agents and attorneys, before being recognized as representatives of claimants, that they shall show that they are of good character and in good repute, pos-

sessed of the necessary qualifications to enable them to render such claimants valuable service, and otherwise competent to advise and assist such claimants in the presentation of their cases. And such Secretary may after due notice and opportunity for hearing suspend, and disbar from further practice before his department any such person, agent, or attorney shown to be incompetent, disreputable, or who refuses to comply with the said rules and regulations, or who shall with intent to defraud, in any manner willfully and knowingly deceive, mislead, or threaten any claimant or prospective claimant, by word, circular, letter, or by advertisement.

Plaintiff does not challenge the validity of this statute or of the regulations promulgated pursuant thereto as set forth in 31 C.F.R. § 10.50 *et seq.*

█ The evidentiary criterion for judicial review of a final decision of an administrative agency is whether there is substantial evidence in the record to support the challenged administrative determination. *See Kingsland v. Dorsey,* 338 U.S. 318, 70 S.Ct. 123, 94 L.Ed. 123 (1949); *Alker v. Humphrey,* 101 U.S. App.D.C. 31, 247 F.2d 22 (1957); *Herman v. Dulles,* 92 U.S.App.D.C. 303, 205 F.2d 715 (1953). Plaintiff does not contest the fact that the standard for review is substantial evidence.

█ It is a matter of record that Paul C. Washburn was convicted of a felony under 26 U.S.C. § 7206(2), that all appeals are exhausted and that the conviction is final. Plaintiff's attorney strenuously argued both at the administrative hearing and here that there was no proof that the Paul C. Washburn who was convicted was the same Paul C. Washburn who was the subject of the disbarment proceeding. Nevertheless he does not deny that the basis for his motions to continue and to dismiss the administrative proceeding was the fact that his conviction was not yet final. Section 556(e) of Title 5 of the United States Code provides that such motions

are part of the record of an administrative proceeding. One cannot move for a continuance on the ground that one's conviction is not final because appeals are pending and at the same time contend that the movant was not the person convicted. The Court concludes, as did the administrative law judge, that plaintiff's attempt to make identification a disputed issue is spurious.

The complaint filed by the Director of Practice alleged that the respondent was enrolled to practice and has engaged in practice before the IRS; and that the respondent was subject to disbarment from practice before the IRS 1) by reason of his having been convicted of violating 26 U.S.C. § 7206(2), pursuant to 31 C.F.R. § 10.51(a), and 2) by reason of his having given false or misleading information to the IRS or an officer or an employee thereof in connection with a matter pending before them, knowing such information to be false or misleading, pursuant to 31 C.F.R. § 10.51(b). The respondent filed no answer to the complaint filed by the Director of Practice. 31 C.F.R. § 10.58(c) provides that every allegation in the complaint which is not denied in the answer shall be deemed to be admitted and may be considered as proved. It also provides that failure to file an answer shall constitute an admission of the allegations of the complaint, a waiver of hearing, and the Examiner may make his decision by default.

At the hearing, exhibits were introduced into evidence by the complainant, Director of Practice. No testimony was offered by the complainant or the respondent.

█ Administrative Law Judge Travis held that the complainant was entitled to prevail by default; that through the evidence presented the complainant established a prima facie case, and since no countervailing evidence was presented the complainant was entitled to a ruling in its favor; and that respondent had been shown to be disreputable within the meaning of 31 C.F.R. § 10.50 in that he, as an enrolled agent, was convicted of a

criminal offense under the U.S. revenue laws involving dishonesty and breach of trust. Thereupon, he ordered the respondent disbarred from practice before the Internal Revenue Service. The General Counsel affirmed. Upon review of the record, the Court concludes that there was substantial evidence to support Washburn's disbarment, and that there was no violation of plaintiff's right to substantive due process of law.

## PROCEDURAL DUE PROCESS

Plaintiff has raised the following arguments in support of his contention that the administrative proceedings violated his right to procedural due process of law:

1. Defendants provided him with inadequate notice of the administrative disbarment proceedings;

2. Defendants failed to give him knowledge of the specific allegations made against him;

3. Plaintiff was denied the right to confront adverse witnesses;

4. Plaintiff was denied the right to question the admissibility of documents submitted by the government at the hearing;

5. Plaintiff's attorney was compelled to make admissions and statements regarding his client which violated the attorney-client privilege;

6. The burden of proof was unconstitutionally shifted from the prosecuting authority to plaintiff at the hearing;

7. The documents relied on at the hearing were not properly received in evidence;

8. Testimony was received at the hearing by one or more witnesses who were not sworn and or who were not subject to cross examination;

9. There was lack of separation of prosecuting authority and judicial authority;

10. The initial decision was written by a different judge than the judge who presided over the hearing;

11. Plaintiff was required to bear the burden of proving his "innocence" rather than requiring the government to prove his "guilt";

12. The administrative proceedings should have been stayed pending plaintiff's appeals of his conviction;

13. The complainant failed to identify plaintiff as the same person as the person convicted under 26 U.S.C. § 7206(2); and

14. It was improper for the Treasury Department's general counsel to act on behalf of the Secretary of the Treasury in rendering the appellate decision affirming the initial decision of the administrative law judge.

Defendants contend that the procedural standards required in a "full-blown" hearing set forth in the Administrative Procedure Act, 5 U.S.C. §§ 556 and 557, are not applicable here because 5 U.S.C. § 554 provides that the standards apply only when required by statute. With respect to plaintiff's disbarment, no such statutory requirement exists. Plaintiff does not contest this. The applicable statute, 31 U.S.C. § 1026, states that the Secretary is required to provide "due notice and an opportunity for hearing." Thus although a respondent in a disbarment proceeding is not entitled to a "full-blown" hearing, he is entitled to the requisites of elementary fairness—due notice and the opportunity to be heard. The Court has carefully considered each of plaintiff's allegations of procedural violations and finds them all to be without merit.

Regarding the claim of inadequate notice, the government's exhibits 4 and 5 at plaintiff's hearing demonstrated that plaintiff was notified by certified mail of the fact that the Department of the Treasury was giving consideration to plaintiff's disbarment and that disbarment proceedings had been instituted. This mail was delivered to the address set forth by plaintiff himself on his application for enrollment to practice before the Department. Plaintiff argues that notice was inadequate because it was received by a Ms. Anita Manuel rather than by plaintiff himself. However, plaintiff's counsel himself has ad-

mitted that Ms. Manuel is employed by plaintiff's office; and in any event, in his application for enrollment to practice before the Internal Revenue Service plaintiff agreed that he would advise the Director of Practice of any change of address from that stated in his Application and that any notice sent to that address "shall constitute due and sufficient notice." *See NLRB v. Clark*, 468 F.2d 459, 465 (5th Cir. 1972) (notice held sufficient where the NLRB was not advised of the employer's new address).

The Court has reviewed the complaint which was filed by the Director of Practice to institute the disbarment proceedings and finds that the allegations are certainly specific enough to inform the respondent of the nature of the charges against him. Moreover, Washburn's argument that the administrative law judge cannot take judicial notice of the regulations on which his disbarment was based without the formal submission of the regulations is unfounded. Section 1507 of Title 44 of the United States Code specifically provides that "the contents of the Federal Register shall be judicially noticed . . . ." *See Wei v. Robinson*, 246 F.2d 739, 743 (7th Cir. 1957) (contents of the Federal Register and the Code of Federal Regulations are prima facie evidence of the original text and are required to be judicially noticed).

Plaintiff's argument that he was denied the right to confront adverse witnesses is frivolous as the government called no witnesses at the hearing; its case against plaintiff was established exclusively through documents, principally those establishing plaintiff's criminal conviction. As to witnesses which might have testified adversely in the criminal trial, Washburn is estopped from collaterally attacking the validity of the criminal conviction in a disbarment proceeding. *See In re Tinkoff*, 101 F.2d 341 (7th Cir. 1939); *In re Braverman*, 148 F.Supp. 56 (D.Md.1957).

Plaintiff further alleges that defendants denied him the right to question the admissibility of documents sub-

mitted by the government in the administrative hearing. Nevertheless, 31 C.F.R. § 10.66—which plaintiff does not challenge—specifically provides that the rules of evidence shall not be controlling in such a hearing. Thus, this allegation by plaintiff is without legal foundation, for, under 31 C.F.R. § 10.66, he possesses no right to question these documents. However, even assuming such a right, the transcript of plaintiff's hearing is replete with instances in which plaintiff's counsel was permitted to engage in just such questioning. See Transcript pp. 37–61. *See also Federal Trade Commission v. Cement Institute*, 333 U.S. 683, 705–706, 68 S.Ct. 793, 92 L.Ed. 1010 (1948); *Opp Cotton Mills v. Administrator*, 312 U.S. 126, 155, 61 S.Ct. 524, 85 L.Ed. 624 (1941).

Plaintiff's allegation that he was compelled to make admissions and statements regarding his client violative of the attorney-client privilege, evidently, is referring to an exchange wherein Judge Ralston inquired of Mr. Slinkman whether his client was the same person as the Paul C. Washburn convicted of a criminal offense under the revenue laws of the United States. When Mr. Slinkman declined to answer, Judge Ralston did not pursue it. See transcript at p. 64. This could scarcely be construed to violate the attorney-client privilege. See also transcript at 54–55. It is clear from examination of the record that the administrative law judge did not force plaintiff's attorney to do anything. He merely attempted to get stipulations from counsel. Moreover, Mr. Slinkman declined to answer the judge's question as to whether the respondent was the same person as the Washburn who had been convicted. Since the attorney was not in fact compelled to answer, there was no harm.

Plaintiff alleges that the burden was unconstitutionally shifted from the prosecuting authority to the plaintiff in order to require the plaintiff to prove his innocence. It is undisputed however that plaintiff failed to answer the complaint against him in the administrative

proceeding. Although a hearing was not even required because of his failure to answer, a hearing was afforded to him. The Court agrees with defendants' contention that the "shifted burden" of which plaintiff complains was in fact a "second chance" afforded at the hearing to deny that he had been criminally convicted.

■ Plaintiff's allegation that documents which were never received in evidence were used against him in the hearing apparently refers to the motions for continuance and to dismiss filed by plaintiff's attorney on his behalf during the administrative proceedings. The complainant used these documents to prove that the respondent was the Washburn who had been convicted of violating 26 U.S.C. § 7206(2). As noted earlier, 5 U.S.C. § 556(e) provides that such motions shall form part of the record. Moreover, common sense dictates that papers filed on behalf of a litigant are part of the totality of the record of the proceedings. The Fifth Circuit has explicitly approved the policy of including all pertinent materials within an administrative record. *Southwestern Portland Cement Co. v. NLRB*, 407 F.2d 131 (5th Cir. 1969); *see also Inland Steel Co. v. NLRB*, 109 F.2d 9 (7th Cir. 1940).

■ Plaintiff alleges that testimony was received at his disbarment proceeding by witnesses who were not sworn and/or were not subject to cross examination. As previously noted, no witnesses were produced by either side at the hearing. Plaintiff is apparently alleging that the lawyers themselves were the unsworn witnesses. See the colloquies at pp. 58 and 64 of the transcript. At page 58 Mr. Slinkman admitted that government exhibit 8 was a copy of the Fifth Circuit's affirmation of the plaintiff's conviction, and then quickly objected to such "testimony". Page 64 contains the exchange noted above in which Judge Ralston tried unsuccessfully to elicit an admission from Mr. Slinkman that the respondent in the disbarment proceeding was the same Paul C. Washburn who had been recently convicted of violating

a revenue law. If, in fact, there was any error in these exchanges, it certainly was harmless error, since the disbarment was justified by the plaintiff's criminal conviction, which plaintiff effectively admitted.

■ Plaintiff's allegation that his constitutional rights were violated by the lack of separation between the prosecuting and judicial authority is unfounded. Section 10.64(a) of the Code of Federal Regulations specifically provides for the appointment of a hearing examiner (now an administrative law judge) to conduct disbarment proceedings according to the procedures set out in the Administrative Procedure Act. It is well settled that pursuant to the doctrine of necessity an administrative agency acting as prosecutor in a particular case may also act as the judicial tribunal and adjudicate the issues before it. *See* 5 U.S.C. § 557; *FTC v. Cement Institute*, 333 U.S. 683, 700–03, 68 S.Ct. 793, 92 L.Ed. 1010 (1948); *Brinkley v. Hassig*, 83 F.2d 351, 356–57 (10th Cir. 1936); Gelhorn & Byse, *Administrative Law*, 945–47 (4th ed. 1960).

■ Plaintiff's allegation that his disbarment must be overturned because a different administrative law judge presided over his hearing than the one who wrote the initial decision might have merit if the decision to disbar him depended on the credibility and demeanor of witnesses. In plaintiff's case, however, no witnesses were presented and the decision was founded exclusively on the documents in the record. These documents were, of course, fully available to Administrative Law Judge Travis, who rendered the decision.

Plaintiff's claim that he was required to bear the burden of proving his "innocence" is the same as his claim that the burden of proof was unconstitutionally shifted from prosecuting authority to him. *See* pp. 11–12, *supra*.

■ Plaintiff next contends that the administrative disbarment proceedings should have been stayed pending his various appeals of his conviction. There is

no dispute that the plaintiff's direct appeal of his conviction was concluded by the time the administrative proceedings commenced. While plaintiff did move in the district court for a new trial, the denial of which he appealed to the Fifth Circuit, even this indirect appellate process had run its course prior to the entry of the initial decision. Moreover, Judge Travis held that the disbarment would terminate if the conviction upon which it was based were nullified by the result of an indirect appeal to the Supreme Court of the United States, or otherwise. Since the conviction became final on January 13, 1975 when the Supreme Court denied certiorari, any prejudice in failing to wait for the Supreme Court's disposition of the matter was harmless error.

The issue of non-identification of the plaintiff as the same individual who was convicted of a violation of the revenue laws of the United States has been considered earlier in this opinion. Plaintiff clearly admitted he was the Washburn who had been convicted of violating 26 U.S.C. § 7206(2) by the filing of his motions for continuance and to dismiss, and by failing to answer the complaint filed by the Director of Practice.

 Plaintiff's last procedural contention raises the issue of the propriety of the General Counsel's acting on behalf of the Secretary of the Treasury Department in rendering the decision on appeal. This contention is also without merit. The first paragraph of the appellate decision sets forth the statutory authorization for such delegation:

> This appeal has come before me for decision under Treasury Department Order No. 175–1 (September 13, 1963), and Treasury Department Order No. 190 (revision 10) (January, 1975), which authorizes the General Counsel to perform the function of the Secretary of the Treasury relating to the Office of Director of Practice.

Delegation of such authority is entirely proper in these circumstances. *United States v. Cottman Co.*, 190 F.2d 805, 807 (4th Cir. 1951), *cert. denied*, 342 U.S. 903,
72 S.Ct. 292, 96 L.Ed. 676 (1952); *La Porte v. Bitker*, 145 F.2d 445 (7th Cir. 1944).

For all of the foregoing reasons, it is

ORDERED and ADJUDGED as follows:

1. Defendants' motion to dismiss or in the alternative for summary judgment is hereby granted.

2. Plaintiff's motion for summary judgment is hereby denied.