**Billy T. KRUGLAK, Petitioner-Appellant,**

v.

**E. Wilson PURDY et al.,**
**Respondents-Appellees.**

**No. 77–1847**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 18, 1978.

Rehearing and Rehearing En Banc
Denied Oct. 5, 1978.

Louis M. Jepeway, Jr., Miami, Fla., for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Joel D. Rosenblatt, Asst. Atty. Gen., Miami, Fla., for respondents-appellees.

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

This is an appeal from a denial of a writ of habeas corpus. Appellant Kruglak seeks review of his claim that his state trial was rendered unfair by false and inflammatory remarks in the prosecutor's closing argument.

Appellant was tried with three co-defendants on charges of possession of and conspiracy to sell marijuana. The testimony at trial presented conflicting versions of his involvement in the alleged sale, the government narcotics agent describing appellant as an active participant, the co-defendants alleging that he had nothing to do with the transaction. Apparently believing the agent's story, the jury convicted Kruglak on both counts.

During closing argument, defense counsel blasted the narcotics agent, accusing him of lying and of conspiring to frame appellant. He also argued that marijuana, though illegal, is not really a drug and is widely used without harmful effects. The prosecutor responded to each of these attacks, uninterrupted by an objection from defense counsel; he praised the narcotics agent's performance record, suggested that appellant's co-defendants were covering up for him,[1] and attributed social disorder and decay to drug use.

Since defense counsel failed to object to these portions of the prosecutor's argument, appellant's conviction will stand unless the remarks were so prejudicial that they constituted fundamental error. *United States v. Blakey,* 5 Cir., 1974, 491 F.2d 120, 122 n. 2; *United States v. Washburn,* 5 Cir., 1973, 488 F.2d 139. Upon consideration of the entire record on appeal—especially the state trial judge's careful jury instruction regarding the non-evidentiary nature of closing argument—we find that the District Judge had a fair basis for his ruling that the challenged comments were fair response to defense arguments.

AFFIRMED.

---

1. In conjunction with his challenge of these remarks, appellant cites a question the prosecutor asked him on cross-examination:

   Tell me this, did you bankroll this marijuana buy? You are the only one that comes from money among this group.

Defense counsel did object to this question; appellant, however, answered the question before the Court had ruled.

