NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4432
_____

ROBERT KENNY,
                                    Appellant

v.

UNITED STATES;
STEVEN WALD; MARK TRYBA; ANDRIA GREENIDGE
_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 08-cv-3921
(Honorable Garrett E. Brown, Jr.)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 4, 2012

Before:  SCIRICA, GREENAWAY, JR. and NYGAARD, *Circuit Judges*.

(Filed: July 19, 2012)
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Robert Kenny appeals the dismissal and denial of leave to amend his complaint

against the Internal Revenue Service (IRS) and several IRS employees for alleged

statutory and constitutional violations.  We will affirm.

**I.**

From 2004 to 2007, Kenny, a tax attorney authorized to practice before the IRS, filed three administrative complaints with the Treasury Inspector General for Tax Administration (TIGTA) against IRS collection officer Steven Wald, alleging interference with taxpayers' representation. The Inspector General referred the complaints to Andria Greenidge, Wald's supervisor, who dismissed the complaints and, according to Kenny's allegations, recommended that Wald file a practitioner misconduct complaint against Kenny, which he did. The Office of Professional Responsibility (OPR) then opened an investigation into Kenny's potential misconduct. In the course of its investigation, the OPR examined Kenny's tax returns and discovered he had twice filed late without an extension. In May 2008, OPR sent Kenny a letter alleging he committed misconduct under 31 C.F.R. § 10.51(a) by failing to file timely returns, and by giving false information and attempting to coerce an IRS officer through false accusations in connection with his complaints against Steven Wald.

In August 2008, Kenny filed suit in the United States District Court for the District of New Jersey, seeking monetary and injunctive relief. He alleged (1) retaliation in violation of 26 U.S.C. § 7804, (2) an unauthorized collection action in violation of 26 U.S.C. § 7433, (3) unauthorized inspections of return information in violation of 26 U.S.C. § 7431, and (4) violation of his First and Fourth Amendment rights, seeking damages under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). On the government's motion, the District Court dismissed all four counts without prejudice and denied Kenny's motion for a preliminary injunction as

2

moot. *Kenny v. United States*, No. 08-3921, 2009 WL 276511 (D.N.J. Feb. 5, 2009).

Kenny appealed, but we dismissed for lack of appellate jurisdiction on the ground that a

dismissal without prejudice is a non-final order unless the plaintiff intends to stand on his

complaint. *Kenny v. United States*, 373 F. App'x 259 (3d Cir. 2010). We directed Kenny

to our precedent for the correct procedure to amend his complaint. *Id.* (citing *Fletcher-*

*Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251-52 (3d Cir. 2007)).

On remand, the government requested the District Court to enter an order

dismissing the case, while Kenny moved for leave to amend his complaint, on the ground

that our dismissal mandated amendment. He proposed to amend his complaint by adding

an OPR employee as a defendant, as well as by alleging that Collection personnel

investigated his tax records to find violations and that Greenidge's report recommended

filing a misconduct complaint against Kenny. Upon referral, the Magistrate Judge denied

Kenny's motion for failure to satisfy the requirements of Fed. R. Civ. P. 60(b), and the

District Court subsequently dismissed Kenny's suit. Kenny timely appealed the District

Court's dismissal of his claims under 26 U.S.C. § 7431 and *Bivens* and the denial of leave

to amend.[1]

## II.

We review the dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) *de novo* and

---

[1] The District Court exercised jurisdiction under 28 U.S.C. § 1331. We exercise jurisdiction under 28 U.S.C. § 1291. Unlike in the earlier appeal, the District Court's dismissal, even without prejudice, is a final order because the District Court determined that the plaintiff could not amend his complaint, in which case "the order become[s] final and appealable." *Pa. Family Inst., Inc. v. Black*, 489 F.3d 156, 162 (3d Cir. 2007) (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976)).

affirm only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, the plaintiff is not entitled to relief under any reasonable reading of the complaint. *McMullen v. Maple Shade Twp.*, 643 F.3d 96, 98 (3d Cir. 2011). We review a district court's denial of leave to amend a complaint for abuse of discretion.[2] *Renchenski v. Williams*, 622 F.3d 315, 324-25 (3d Cir. 2010). Abuse of discretion occurs when "the district court's decision rests upon a clearly

---

[2] The proper standard of review for Kenny's motion to amend is complicated by the unique procedural circumstances of this case. Kenny argues that his motion to amend was dispositive and, accordingly, the Magistrate Judge could only issue a report and recommendation which the district court would then review accept, reject, or modify. Statutory and precedential authority largely rejects this argument. *See* 28 U.S.C. § 636(b)(1)(A) (excluding motions to amend from the list of eight dispositive motions requiring a report and recommendation); D.N.J. Civ. R. 72.1(a)(2); *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998); *see also Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007); *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 594-95 (7th Cir. 2006); *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993). But neither we nor our sister circuits appear to have resolved the precise issue here – whether a motion to amend that in practice results in dismissal is a dispositive motion – and the authority in the District of New Jersey is divided on this question, *compare Fishbein Family P'ship v. PPG Indus., Inc.*, 871 F. Supp. 764, 769 n.4 (D.N.J. 1994) *with Thomas v. Ford Motor Co.*, 137 F. Supp. 2d 575, 579 (D.N.J. 2001).

Upon objection, the district court reviews the magistrate court's ruling on a non-dispositive motion under a clearly erroneous standard, while dispositive recommendations are reviewed *de novo*. Fed. R. Civ. P. 72. But Kenny failed to object, which would ordinarily bar our review of a nondispositive ruling absent extraordinary circumstances, *United States v. Polishan*, 336 F.3d 234, 239-40 (3d Cir. 2003), and limit our review of a dispositive ruling to review for plain error, *Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007). In this case, however, the District Court granted the government's motion to dismiss before the fourteen days when appeals and objections are permitted had elapsed, Fed. R. Civ. P. 72; D.N.J. Civ. R. 72.1(c).

We decline to resolve these procedural conundrums because their resolution is unnecessary to our decision. In light of the court's arguably premature dismissal, we will review the denial of leave to amend. And because we will ultimately affirm the District Court's denial of leave to amend on grounds other than those relied on below, we conclude that the denial of leave to amend survives under abuse of discretion, clearly erroneous, or plain error review.

erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Malack v. BDO Seidman, LLP*, 617 F.3d 743, 745 (3d Cir. 2010) (quoting *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 312 (3d Cir. 2008)).

**A.**

26 U.S.C. § 7431 provides a cause of action for damages against the United States for unauthorized access to tax return information. To establish a claim under § 7431, Kenny must demonstrate (1) a violation of 26 U.S.C. § 6103 and (2) that the violation resulted from knowing or negligent conduct. *Venen v. United States*, 38 F.3d 100, 104 (3d Cir. 1994).

26 U.S.C. § 6103 specifies that tax "[r]eturns and return information shall be confidential" and bars disclosure by U.S. employees, but provides a number of exceptions. Relevant here are those permitting "inspection by or disclosure [of returns] to officers and employees of the Department of the Treasury whose official duties require such inspection or disclosure for tax administration purposes,"[3] *id.* § 6103(h)(1), and authorizing disclosure to "officers and employees of the Department of the Treasury for use in any action or proceeding described in subparagraph (A) [concerning legal practice before the Department under 31 U.S.C. § 330] . . . to the extent necessary to advance or protect the interests of the United States." *id.* § 6103(*l*)(4)(B).

The inspections Kenny alleges were authorized under both of these provisions.

---

[3] Section 6103(b)(4) defines tax administration broadly, encompassing, *inter alia*, "the administration, management, conduct, direction, and supervision of the execution and application of the internal revenue laws or related statutes (or equivalent laws and statutes of a State) and tax conventions to which the United States is a party."

Because the Office of Professional Responsibility is responsible for "matters related to practitioner conduct and discipline, including disciplinary proceedings and sanctions," 31 C.F.R. § 10.1(a)(1), and because practitioners' failure to comply with federal tax law, including late filing, could constitute disreputable conduct subject to sanction and disbarment, *id.* § 10.51(a)(6); *Dir., OPR v. Kevin Kilduff*, Complaint No. 2008-12 (Sec'y of the Treasury Appellate Authority Jan. 20, 2010), *available at* http://www.irs.gov/pub/irs-utl/kilduff.pdf, the investigation of Kenny's returns by employees of OPR fell within their official tax administration duties under § 6103(h).[4] Moreover, this investigation was permitted under § 6103(*l*)(4)(B) because OPR employees investigated Kenny's returns in preparation for a proceeding under 31 U.S.C. § 330(b) to "suspend . . . disbar . . . or censure[] a representative who . . . is disreputable."

In short, because the facts Kenny alleges do not establish a violation of § 6103, he cannot sustain a claim under § 7431.

**B.**

In certain circumstances, the Constitution itself affords a cause of action for damages against individual federal officers for violations of constitutional rights. *Bivens*

---

[4] Kenny suggests, because the OPR employees acted with a retaliatory motive, they could not have acted within the scope of their official duties. The plain text of § 6103 does not provide such a limitation. Moreover, while the IRS Chief Counsel has suggested that compliance checks on practitioners by Collection employees may exceed their official duties, *see* I.R.S. Chief Couns. Mem. 201001019 (Jan. 8, 2010), this circumstance is not implicated here, since, for the reasons stated above, compliance checks by OPR employees fall within their official duties, *cf. id.* ("[N]othing in this advice should be taken to limit the discretion of the Service to appropriately inquire into the compliance of any individual, including a person who represents taxpayers, for any legitimate reason using recognized and appropriate procedures.").

*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Courts will not infer a *Bivens* remedy, however, when Congress "has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of [a government program's] administration." *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988). We have declined to permit *Bivens* suits against IRS agents when Congress had chosen "to provide certain remedies, and not others, as part of the complex statutory scheme which regulates the relationship between the IRS and taxpayers." *Schreiber v. Mastrogiovanni*, 214 F.3d 148, 152-55 (3d Cir. 2000); *see also McMillen v. U.S. Dep't of Treasury*, 960 F.2d 187, 190-91 (1st Cir. 1991).

Here, Kenny alleges violations of his First Amendment free speech and Fifth Amendment due process rights in connection with the OPR disciplinary proceedings. Yet Congress and the Department of the Treasury have created a detailed scheme to address accusations of practitioner misconduct. By statute, all suspensions and disbarments must be preceded by notice and opportunity for a proceeding. 31 U.S.C. § 330(b). Treasury regulations contain twenty-two rules governing disciplinary proceedings, 31 C.F.R. §§ 10.60-10.82, including provisions guaranteeing practitioners the right to counsel at a hearing before an administrative law judge, *id.* § 10.69; the right to conduct discovery and take depositions, *id.* § 10.71; the right to a transcript, sworn testimony, and cross-examination during the hearing, *id.* § 10.72; the right to a decision stating findings and conclusions, *id.* § 10.76; and the right to appeal to the Secretary of the Treasury, *id.* § 10.77. A practitioner may then appeal an adverse determination to the federal district and circuit courts for further review. *Harary v. Blumenthal*, 555 F.2d

1113, 1115 n.1 (2d Cir. 1977); *Lopez v. United States*, 129 F. Supp. 2d 1284, 1288 (D.N.M. 2000). These provisions have been held to satisfy the requirements of procedural and substantive due process. *Hubbard v. United States*, 496 F. Supp. 2d 194, 201-02 (D.D.C. 2007); *Washburn v. Shapiro*, 409 F. Supp. 3, 9-13 (S.D. Fla. 1976).

The provisions governing potential disbarment or suspension before the IRS create a comprehensive remedial scheme for addressing allegations of practitioner misconduct, including any constitutional concerns raised by practitioners. Because Congress and the Department of the Treasury have elected to provide this scheme to regulate the relationship between the IRS and practitioners, we decline to infer a *Bivens* remedy in this instance.

## C.

While ordinarily leave to amend is governed by Fed. R. Civ. P. 15, "[a]fter judgment dismissing the complaint is entered, a party may seek to amend the complaint (and thereby disturb the judgment) only through Federal Rules of Civil Procedure 59(e) and 60(b)." *Fletcher-Harlee Corp.*, 482 F.3d at 252. We directed Kenny to this procedure in our earlier decision in this case. *Kenny*, 373 F. App'x at 259. Kenny subsequently sought to amend his complaint under Rule 60(b)(1) & (6), but the District Court denied this motion for failure to satisfy the requirements of Rule 60(b).[5]

Federal Rule of Civil Procedure 60(b) grants a district court discretion to relieve a party from a final judgment or order in six limited instances, including, most relevantly

---

[5] Fed. R. Civ. P. 59 did not apply in this instance because Kenny filed his motion over 28 days after the entry of judgment. Fed. R. Civ. P. 59(b).

here, "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or "any other reason that justifies relief," *id.* 60(b)(6).  Kenny fails to explain why relief is warranted under either of these provisions, pointing neither to facts that would amount to excusable neglect nor to the sort of "extraordinary circumstances" required for relief under 60(b)(6), *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251-52 (3d Cir. 2008).  Although Kenny stresses our earlier decision directing him to *Fletcher-Harlee Corp.*, we referenced the case by way of guidance, not as a mandate that the District Court permit subsequent amendment when it would otherwise be barred under Rule 60.

There is an argument that, due to a procedural wrinkle we did not adequately consider in our earlier decision, Rule 60(b) might not govern in this instance.  Because we found that the District Court's dismissal without prejudice was not a final appealable order, it arguably was not a "judgment" for purposes of Rule 60(b).  *See* Fed. R. Civ. P. 54 ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies."); Fed R. Civ. P. 60(b) ("[T]he court may relieve a party or its legal representative from a final judgment"); *Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 907 F.2d 1408, 1416-17 (3d Cir. 1990) (reversing a district court's denial of leave to amend under Rule 59(e) because dismissal without prejudice is not a final appealable order to which Rule 59 applies).  This fact seems to distinguish this case from the situation in *Fletcher-Harlee*, where we addressed the standard for amendment once the district court "grants the motion to dismiss and enters final judgment."  482 F.3d at 252.

But even if we assume we gave misleading guidance because there had been no final judgment in the case at the time of Kenny's motion, Kenny may not be entitled to

relief, because we would recharacterize his motion as one for leave to amend under Fed. R. Civ. P. 15(a). *See Ahmed v. Dragovich*, 297 F.3d 201, 208 (3d Cir. 2002) ("[W]e are free to recharacterize the motion to amend to match the substance of the relief requested."). Rule 15 provides that the district court should "freely give leave [to amend] when justice so requires," but does not permit amendment when it would be futile. Futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 231 (3d Cir. 2011) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010)). We review futility under the "same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6)." *Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 243 (3d Cir. 2010) (quoting *In re Burlington Coat Factory Sec. Litig*, 114 F.3d 1410, 1434 (3d Cir. 1997)) (alterations in original).

Here, Kenny added four additional allegations in his proposed amended complaint, asserting that: (1) IRS Collection Division personnel investigated his confidential tax file after each of his complaints to TIGTA; (2) Greenidge's January 11, 2008 report recommended that Wald file a practitioner misconduct allegation against Kenny; (3) Bradford Johnson, an employee in the IRS OPR, investigated Kenny's tax records; (4) the IRS Chief Counsel's Office issued Chief Counsel Advice counseling against practitioner complaints checks by IRS employees.

None of these proposed amendments would remedy the deficiencies in Kenny's complaint. The allegations concerning Greenidge and Johnson, even if true, would not constitute violations of 26 U.S.C. § 7431, because the actions alleged fall within the

10

scope of their official duties. The Chief Counsel Advice merely reiterates this standard. I.R.S. Chief Couns. Mem. 201001019 (Jan. 8, 2010) ("Employees may have a need to access returns and return information when there is a need to know the information for their tax administration duties . . . . This exception does not apply when the need to access the data, however, falls outside the employee's tax administration duties.").[6] Finally, while the allegation concerning nameless Collection employees, if true, may amount to a violation of § 7431, such a "naked assertion[] devoid of further factual enhancement," is, without more, a "mere conclusory statement[]" not entitled to the assumption of truth on a motion to dismiss. *Santiago v. Warminister Twp.*, 629 F.3d 121, 131-32 (3d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Kenny's amended complaint accordingly failed to state a claim upon which relief could be granted. Even under Rule 15, then, leave to amend was properly denied because amendment would have been futile.

**III.**

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[6] Chief Counsel Advice also cannot be cited as precedent. 26 U.S.C. § 6110(k)(3).