28 F.3d 1214
 74 A.F.T.R.2d 94-5204
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Art TRIMBLE, Plaintiff-Appellant,
v.
UNITED STATES of America; INTERNAL REVENUE SERVICE;
Valerie I. Oatley, individually; Russell Rein,
individually; John Does, Unknown
Federal Internal Revenue
Service Agents,
Defendants-
Appellees.
 No. 93-1955.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1994.
 
 Before KEITH, NORRIS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Art Trimble, a pro se Tennessee resident, appeals a district court judgment dismissing his civil rights complaint filed pursuant to multiple statutes. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, injunctive, and mandamus relief, Trimble sued the United States, the Internal Revenue Service (IRS), and multiple IRS agents contending that the defendants harassed him, violated his constitutional rights, and violated his right to privacy in attempting to collect federal income taxes. The defendants moved to dismiss the complaint which Trimble opposed. The district court granted defendants' motion and dismissed the case.
 
 
 3
 In this timely appeal, Trimble's brief is construed as raising the same issues that he presented to the district court.
 
 
 4
 As defendants moved to dismiss Trimble's complaint for lack of jurisdiction and for failure to state a claim, the district court's judgment will be construed as granting defendants' motion under Fed.R.Civ.P. 12(b)(6). This court reviews a dismissal of a complaint under Rule 12(b)(6) de novo. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). The district court properly granted defendants' motions to dismiss because it appears beyond doubt that Trimble can prove no set of facts which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Concerning one issue, we affirm the district court's judgment for slightly different reasons. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 5
 Trimble has not established a violation of the Privacy Act. 5 U.S.C. Sec. 552a. The Privacy Act creates a civil action against a federal agency and not individual officials. See Windsor v. The Tennessean, 719 F.2d 155, 160 (6th Cir.1983), cert. denied, 469 U.S. 826 (1984). The Privacy Act is not applicable to the determination of an individual's possible tax liability. McMillen v. United States Dep't of Treasury, 960 F.2d 187, 188 (1st Cir.1991) (per curiam); England v. Commissioner, 798 F.2d 350, 352 (9th Cir.1986).
 
 
 6
 Trimble does not establish a claim under the Federal Tort Claims Act (FTCA) as the assessment or collection of taxes is barred by the doctrine of sovereign immunity. Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 115 (6th Cir.1988) (per curiam). Further, the individual defendants are immune from liability for common law torts committed within the scope of their employment. Henson v. NASA, 14 F.3d 1143, 1147 (6th Cir.1994) (per curiam).
 
 
 7
 Trimble was not entitled to injunctive relief as a party's request to enjoin the IRS from the collection of taxes is barred under the Anti-Injunction Act (26 U.S.C. Sec. 7421(a)). Bob Jones Univ. v. Simon, 416 U.S. 725, 738 (1974); Dickens v. United States, 671 F.2d 969, 971 (6th Cir.1982). Trimble has not established that the defendants were engaged in any conduct that would entitle him to mandamus relief. Dickens, 671 F.2d at 971; see also In re NLO, Inc., 5 F.3d 154, 155-56 (6th Cir.1993).
 
 
 8
 Finally, in order to state a claim pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), Trimble must establish that the individual defendants violated his constitutional rights. Shaner v. United States, 976 F.2d 990, 994 (6th Cir.1992), cert. denied, 113 S.Ct. 1944 (1993). The collection of taxes simply does not establish a constitutional violation. See Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991).
 
 
 9
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.