Carl J. ANDERSON, Plaintiff,

v.

OFFICE OF ATTORNEY GENERAL, DEPARTMENT OF JUSTICE, Defendant.

No. 94–CV–73897–DT.

United States District Court, E.D. Michigan, Southern Division.

March 20, 1995.

Carl J. Anderson, East China, MI, for plaintiff.

Doris D. Coles, Washington, DC, for defendant.

### ORDER DISMISSING PLAINTIFF'S COMPLAINT

BORMAN, District Judge.

This matter is before the Court on the United States' Motion to Dismiss.[1] On September 28, 1994, Plaintiff filed his *pro se* Complaint with this Court alleging:

1. My income taxes are extracted from my labor award and income and expended for the benefit of another group.

2. My taxes are extracted from my labor and income and expended for another group who has not contributed to the fund.

3. The Income Tax has become arbitrary and unreasonable.

4. My tax dollars are not solely being appropriated to provide for the general welfare of the United States as proscribed in the Constitution of the United States.

(Complaint, p. 1.).

As the basis for his complaint, Plaintiff lists: The Constitution of the United States, The Federalist Papers, several Supreme Court decisions, the Fifth and Thirteen Amendments to the United States Constitution and Expert Witness Testimony. The so-called Complaint Amendment, filed on November 8, 1994, purports to add Article I, Section IX, Clause 3 (no Bill of Attainder or Ex Post Facto law shall be passed) as an additional basis for his complaint.

According to the federal rules of pleading, a party seeking redress in federal court must submit to the Court a complaint which contains three requirements: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Fed.R.Civ.Pro. 8(a). These requirements are intended to give the adverse party "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). Plaintiff's Complaint fails to fulfill the liberal pleading requirements in all respects. It does not set forth the basis for jurisdiction. Nor does it contain sufficient facts to give Defendant fair notice of the nature of Plaintiff's claims necessary to enable the United States to prepare for trial. *See Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2nd Cir.1988). Instead it merely states broad conclusory allegations and is totally devoid of fact. Plaintiff's

---

1. Plaintiff incorrectly named the Office of the Attorney General, Department of Justice as Defendant in this action.

"Complaint Amendment" and the supplemental pleading, entitled "Tax Case Notes," submitted to the Court on February 27, 1995, also do not illuminate the issues. Finally, the Complaint does not state a prayer for relief, so Defendant is left in the dark as to what it is Plaintiff is seeking.

■ Plaintiff has acted pro se in this matter. Although pleadings by pro se litigants are held to less stringent standards than formal pleading drafted by lawyers, a court may use its discretion to dismiss a pleading if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595–6, 30 L.Ed.2d 652 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

In this case, the Court has carefully reviewed the complaint, and is unable to construe any of the allegations as stating a claim. Even when standards are relaxed for a pro se litigant, the Complaint fails to state a claim and must be dismissed under Federal Rule of Civil Procedure 12(b)(6) ("failure to state a claim upon which relief can be granted").

Even if the Court had not dismissed the Complaint under Rule 12(b)(6), it would have been dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) and for lack of standing pursuant to *Massachusetts v. Mellon*, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1923).

■ It is well-established that the United States, or an executive agency of the United States, may not be sued unless it consents to suit. *See United States v. Testan*, 424 U.S. 392, 397, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *See Martinez v. Winner*, 548 F.Supp. 278 (D.Colo.1982); *Blackmar v. Guerre*, 342 U.S. 512, 514–15, 72 S.Ct. 410, 411–412, 96 L.Ed. 534 (1952); *Fluellen v. U.S. Dep't of Justice Drug Enf. Admin*, 816 F.Supp. 1206, 1209 (E.D.Mich.1993) (Hackett, J.); *Deleeuw v. I.R.S.*, 681 F.Supp. 402, 403 (E.D.Mich.1987) (Cohen, J.). In the general-

ized type of taxation claims presently before the Court, the government has not waived its sovereign immunity, i.e., there is no statute authorizing suit. Moreover, Congress has made explicit that its consent to be sued for tort actions in the Federal Tort Claim Act (FTCA), 28 U.S.C. §§ 1346(b), 2674, should not be interpreted to mean consent for suit for "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty." 28 U.S.C. 2680(c). This provision "reflects 'the government's strong interest in protecting the administration of its tax system from the burden of constant litigation.'" *Interfirst Bank Dallas v. United States*, 769 F.2d 299 (5th Cir.1985) (quoting *Capozzoli v. Tracey*, 663 F.2d 654 (5th Cir. 1981)).

■ Lastly, if Mr. Anderson's complaint may fairly be read to state a challenge to certain taxation laws,[2] Mr. Anderson's claims would fail for lack of standing because his personal stake in laws with general application to all taxpayers has been found insufficient to confer standing on an ordinary taxpayer or citizen. *See ASARCO Inc. v. Kadish*, 490 U.S. 605, 612–17, 109 S.Ct. 2037, 2042–45, 104 L.Ed.2d 696 (1989). The Supreme Court has consistently held that "the interests of a taxpayer in the moneys of the federal treasury are too indeterminable, remote, uncertain and indirect to furnish a basis for an appeal to the preventative powers of the Court over their manner of expenditure." *Doremus v. Board of Education of Borough of Hawthorne*, 342 U.S. 429, 72 S.Ct. 394, 96 L.Ed. 475 (1952); *Frothingham v. Mellon*, 262 U.S. 447, 486 et seq., 43 S.Ct. 597, 600, 67 L.Ed. 1078 (1923) (decided with *Massachusetts v. Mellon*).

For these reasons,

IT IS HEREBY ORDERED that Plaintiff's Complaint is DISMISSED.

2. As discussed earlier, Mr. Anderson has not stated a cognizable claim. He also has not indicated which tax law he is challenging, other than a vague reference to the "income tax," if, in fact, that is what he is attempting to do.