**Philip R. PLANT, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, et al., Defendants.**

**No. 5:96–CV–1236.**

United States District Court, N.D. Ohio, Eastern Division.

Sept. 25, 1996.

Philip R. Plant, Orrville, OH, pro se.

Kathleen L. Midian, Annette G. Butler, Office of U.S. Attorney, Cleveland, OH, S. Robert Lyons, Department of Justice, Tax Division, Washington, DC, for I.R.S.

Kathleen L. Midian, Emily M. Sweeney, Office of U.S. Atty., Cleveland, OH, S. Robert Lyons, Department of Justice, Tax Division, Washington, DC, for F.M. Krauss and C. Ashley Bullard.

Emily M. Sweeney, Office of U.S. Atty., Cleveland, OH, for John Mazur.

## MEMORANDUM OPINION

DOWD, District Judge.

### I. INTRODUCTION

Plaintiff Philip R. Plant, proceeding in a *pro se* fashion, filed this action challenging the levying of his wages for the purpose of collecting federal income tax. He named as defendants the Internal Revenue Service (hereinafter "United States");[1] three IRS employees, F.M. Krauss, John Mazur and C. Ashley Bullard; his former employer, Morton International Industrial Coatings, and "J. Does."

The Court granted Morton International's motion to dismiss on July 30, 1996 (Docket No. 6). The remaining named defendants with the exception of Mazur, for whom there is no proof of service in the record, have moved for dismissal (Docket No. 10). Plant has not filed a brief in response. For reasons set forth below, the Court grants the motion to dismiss.

### II. MOTION TO DISMISS

■ "A court may dismiss a complaint only if it is clear that no relief could be

---

1. A suit against the Internal Revenue Service is considered a suit against the United States. *See Blackmar v. Guerre et al.,* 342 U.S. 512, 515, 72 S.Ct. 410, 411–12, 96 L.Ed. 534 (1952); *Krouse v. United States Government Treasury Internal Revenue Service,* 380 F.Supp. 219, 221 (C.D.Cal. 1974).

granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957) (footnote omitted)). When a complaint is challenged under Fed.R.Civ.P. 12(b)(6), its allegations should be construed favorably to the plaintiff, *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), and its factual allegations, "construed as to do substantial justice," Fed.R.Civ.P. 8(f), must be accepted as true. *See United States v. Gaubert,* 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113 L.Ed.2d 335 (1991); *Hishon,* 467 U.S. at 73, 104 S.Ct. at 2232–33; *Conley,* 355 U.S. at 48, 78 S.Ct. at 103. *See also Hospital Bldg. Co. v. Trustees of Rex Hospital,* 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976) ("take as true the material facts alleged"). The sufficiency of a complaint, however, is a question of law, *Dugan v. Brooks,* 818 F.2d 513, 516 (6th Cir.1987), and the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987) (citations omitted).

█ In general, notice pleading under the Federal Rules "do[es] not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. at 103 (failure of complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient ground for dismissal of the suit) (footnote citing Fed.R.Civ.P. 8(a)(2)). Except for two specific instances as provided by Fed.R.Civ.P. 9(b) for fraud and mistake, notice pleading under Fed.R.Civ.P. 8(a) does not require greater particularity. *See, e.g., Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 167–69, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) (greater particularity not required even where municipal liability is alleged).

## III. ALLEGATIONS IN THE COMPLAINT

The complaint, which consists of more than seven single-spaced pages, is short on factual allegations and long on legal mumbo-jumbo. The conduct precipitating the lawsuit is described in a single sentence in the plaintiff's Case Information Statement accompanying the complaint (Docket No. 2): "Morton International, my employer[,] took money from my paycheck w/o court order or my permission and forwarded it to the IRS." Unhappily, Plant was not nearly so succinct in the complaint. Thus the Court shall wade through the actual pleading to summarize the alleged causes of action.

Plant alleges that on March 11, 1996, a "Notice of Levy on Wages, Salary, and Other Income" was issued against him (presumably by the IRS). (Complaint, ¶ 3).[2] Plant alleges the notice of levy was a fraud because he is not required to pay income taxes. (¶ 4). This exemption is due to the fact he has no commerce with nor is a citizen of Guam, Puerto Rico, the Philippines or the Virgin Islands; he has no taxable foreign income; and he has no affiliation with the IRS or Bureau of Alcohol, Tobacco and Firearms. (*Id.*). Further, the defendants lacked "subject matter jurisdiction or jurisdiction" of Plant. (¶ 5).

The levy was alleged to have been carried out by the defendants with knowledge that they were breaking the law and depriving the statutory and constitutional rights of Plant. (¶¶ 6–7). Paragraph 9, which is three pages long, states that all defendants should have known that "the Constitution of the United States for the United States of America is the supreme law of the land" and that the defendants should be liable for the following: misprision of felony, perjury, malice, constitutional tort, tort, larceny by fraud and deception, fiduciary, racketeering, extortion, legal malpractice, malpractice, duress and discrimination. Plant also asserts causes of action he labels as "neglect to prevent" and

---

**2.** All further paragraph references will be to the complaint.

"depriving person of rights or privileges." (¶¶ 10–11).

Plant makes conflicting prayers for judgment. In paragraph 14 he demands $9,975,-000 plus "costs and disbursements." In the following paragraph he demands "judgment against the corporation Defendants not exceeding $10,000,000 and against the 'person' defendants not exceeding $350,000."

Finally, Plant demands a jury trial, declares that dispositive motions filed in this case are fraudulent and threatens that any party signing and filing a dispositive motion "will be named as parties in conspiracy to the crimes and violations defined in this complaint." (¶ 18).

## IV. DISCUSSION

■ To the best of the Court's ability to decipher, the factual allegations of Plant's complaint are fairly simple. Plant's wages were levied by the IRS, and he believes that such action was illegal because he is not required to pay taxes. The remainder of the complaint is filled with conclusory statements about what Plant perceives to be the legal consequences—criminal and civil—flowing from the levying process.

Plant's underlying claim that he is not required to pay taxes is without merit. Federal law imposes tax obligations on "*every* married individual[,] ... *every* surviving spouse[,] ... *every* head of a household ... [and] *every* individual" not fitting one of the preceding three categories, so long as they have income above a certain level. 26 U.S.C. § 1 (emphasis added). Plant does not allege he lacks the requisite income level to be liable for federal tax. Bereft of the argument which is central to his case, the remainder of Plant's complaint crumbles. *See Trimble v. United States et al.,* 28 F.3d 1214 (table), 1994 WL 284092 (6th Cir.1994) ("The collection of taxes simply does not establish a constitutional violation.").

The Court believes its analysis could appropriately stop at this point but, in the interest of being thorough, will address the manifold causes of action raised by the plaintiff.

■ Plaintiff sued three IRS employees by name. He did not indicate whether he was naming the defendants in their individual or official capacities. The record includes no executed return of service for one of the three, John Mazur, and thus the Court does not consider him a part of this lawsuit.[3] For the remaining two named IRS employees, the United States is properly substituted as a party for each tort claim. Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2679(d)(1), the United States is the proper defendant when a federal employee is sued in tort based upon actions arising within the scope of employment. The United States has provided an affidavit from the United States Attorney for the Northern District of Ohio certifying that defendants Krauss and Bullard were acting within the scope of their employment during all of the conduct described in the complaint. Thus the claims against Krauss and Bullard will be considered claims against the United States.

■ No tort claim can survive the motion to dismiss because Plant cannot surpass the barrier of sovereign immunity. The United States as a sovereign can be sued only to the extent it has consented to be sued. The Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.,* establishes the rules under which the United States may be sued but provides an express exception for tax-related claims: "The provisions of this chapter ... shall not apply to ... (c) Any claim arising in respect of the assessment or collection of any tax ..." 28 U.S.C. § 2680(c). This provision "reflects the government's strong interest in protecting the administration of its tax system from the burden of constant litigation." *Anderson v. Office of Atty. Gen., Dept. of Justice,* 890 F.Supp. 648, 650 (E.D.Mich.1995) (quotations omitted). The sovereign immunity is retained "even when, as here, the claims encompass torts and constitutional violations." *Jones v. U.S.,* 16 F.3d 979, 981 (8th Cir.1994). Thus the tort claims must fail.[4]

---

3. The same is true for the "J. Does" named in Plant's complaint.

4. Nor is Plant any more successful in alleging torts against the individual IRS officers. Under *Bivens v. Six Unknown Agents of the Federal*

■ Likewise, the racketeering claim against the United States does not state a claim upon which relief may be granted. A civil racketeering claim would be based in the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* The Sixth Circuit has held that "it is clear that there can be no RICO claim against the federal government." *Berger v. Pierce,* 933 F.2d 393, 397 (6th Cir.1991).

■ Plant asserts a host of criminal claims against the defendants without regard for the fact that as a private citizen, he lacks the prosecutorial authority to bring a criminal action. Those claims are dismissed. Finally, Plant alleges as causes of action a number of claims such as "legal malpractice," "duress," "fiduciary" and "malice" that either are not recognized as causes of action or make no sense whatsoever in the context of this case.[5] To the extent that these allegations constitute claims, they too are dismissed.

## V. CONCLUSION

For the reasons set forth above, the motion of the defendants to dismiss is hereby granted. The Court will publish a judgment entry contemporaneously with the issuance of this memorandum opinion dismissing the case.

IT IS SO ORDERED.

### JUDGMENT ENTRY

For the reasons set forth in the Memorandum Opinion filed contemporaneously with this Judgment Entry, IT IS HEREBY ORDERED, ADJUDGED and DECREED that the motion to dismiss of defendants United States of America, F.M. Krauss and C. Ashley Bullard is hereby granted. The Court has thus dismissed all claims against all parties served in this case. Accordingly, the case shall be closed.

IT IS SO ORDERED.

---

*Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), individual federal employees may be sued for constitutional violations. However, there is no cognizable *Bivens* claim in the instant case. First, the complaint alleges no facts (as distinguished from legal conclusions) to suggest a possible *Bivens* violation. Second, it has been held that a *Bivens* claim cannot be asserted against IRS officers based upon their tax collection activities because "Congress has given taxpayers all sorts of rights against an overzealous officialdom ..., and it would make the collection of taxes chaotic if a taxpayer could by pass the remedies created by Congress simply by bringing a damage action against Treasury employees." *Cameron v. Internal Revenue Service,* 773 F.2d 126, 129 (7th Cir.1985). There is no indication in the instant case that Plant has sought to pursue any administrative remedies afforded by Congress.

5. The fact that plaintiff did not file a response to the government's motion to dismiss did not make this Court's job any easier in attempting to make sense of his complaint. The plaintiff apparently is proceeding under the mistaken notion that by paying the filing fee for this lawsuit he is automatically entitled to a jury trial. The fact that this proposition is unsupported in two centuries of case law appears to be of no consequence to him.