**BELL CONSUMERS, INC., Plaintiff,**

v.

**Ross LAY, Defendant.**

**Ross Lay, Third Party Plaintiff,**

v.

**Runar Dean Johnson and Lavina Johnson, husband and wife, aka Bell Consumers, Inc., and Cutting Edge Enterprises, Third Party Defendants.**

**Runar Dean Johnson and Lavina Rae Johnson, Third Party Defendant Plaintiffs,**

v.

**Paul H. ONeill, Charles Rossotti, Ross Lay, Jane J. Wolfley, James T. Aurand and Cathleen McKeown, Third Party Plaintiff Defendants.**

No. C02–5016RJB.

United States District Court, W.D. Washington.

March 19, 2002.

Order denying reconsideration, Mar. 28, 2002.

Lane J. Wolfley, Wolfley, Hoffer & Basden, Port Angeles, WA, for Ross Lay, defendant.

Runar Dean Johnson, Sequim, WA, pro se.

Lavina Johnson, Sequim, WA, pro se.

Diane E. Tebelius, Robert Patrick Brouillard, U.S. Attorney's Office, Seattle, WA, W. Carl Hankla, U.S. Dept. of Justice, Tax Div., Washington, DC, for Paul H. O'Neill, Charles Rossotti, U.S., defendants.

Christopher Melly, Clallam county Prosecuting Office, Port Angeles, WA, for Cathleen McKeown, defendant.

## ORDER

BRYAN, District Judge.

This matter comes before the court on the following motions: (1) the United States' Motion to Dismiss Third–Party Complaint Against Federal Officials (Dkt.18); (2) Runar Dean Johnson and Lavina Johnson's amended motion for leave to file a third amended counter complaint (Dkt.14); (3) Runar Dean Johnson and Lavina Johnson's motion for leave to file a fourth amended counter complaint (Dkt.27); and (4) Ross Lay's state court motion for default and motion to dismiss the second amended counter-complaint filed by Runar Dean Johnson and Lavina Johnson, which were noted on the federal court's docket by defendant Ross Lay (Dkt.17). The court has reviewed the pleadings in support of an in opposition to the motions, and the remainder of the file herein.

## PROCEDURAL HISTORY

It appears from a review of the record that the Internal Revenue Service placed a lien on certain property owned by Runar Dean Johnson and Lavina Johnson (the Johnsons), and the property was subsequently seized and then sold to Ross Lay.

This civil action originated when plaintiff Bell Consumers, Inc. filed an action on October 2, 2001, in Clallam County Superior Court, No. 01–2–00582–3, to quiet title to the real property. Dkt. 21, Order to Quiet Title. On October 17, 2001, defendant Ross Lay filed a first amended counter and cross-complaint against Bell Consumers, Inc., Cutting Edge Enterprises, and Runar Dean Johnson and Lavina Johnson, to quiet title and to disaffirm a conveyance related to the property at issue. Dkt. 21, First Amended Counterclaim an[d] Cross–Claim to Qui[e]t Title and to Disaffirm Conveyance Pursuant to the Uniform Fraudulent Transfer Act (RCW 19.40.051). The Johnsons attempted to remove the case to federal court, but the case was remanded on the basis that the federal court did not have original jurisdiction over the claims in the case. *See Bell Consumers, Inc. v. Ross Lay,* C01–5613RJB, November 1, 2001 Order Remanding Case to State Court.

On December 7, 2001, the Johnsons filed a second amended counter complaint in state court. Dkt.21, attachment titled Verified Declaration and, Petition for Redress of Grievance in the nature of a: Second Amended Counter Complaint. In addition to adding claims against Ross Lay's attorney Lane Wolfley and Clallam County employee Cathleen McKeown, this document added the following federal offi-

cials as defendants: Paul H. O'Neill, the Secretary of the Treasury; Charles O. Rossotti, the Commissioner of Internal Revenue; and James T. Aurand, a Revenue Office with the Internal Revenue Service (the federal defendants). On December 12, 2001, Ross Lay filed a second amended counter and cross-complaint in state court. Dkt. 21, Second Amended Cross–Claim to Quiet Title and to Disaffirm Conveyance Pursuant to the Uniform Fraudulent Transfer Ac[t] (RCW 19.40.051).

The federal defendants removed this action to federal court pursuant to 28 U.S.C. §§ 1441(a), 1442(a)(1), and 1446, on the basis that federal officers who act under color of office or in the performance of their duties may remove cases to federal court that have been filed in state court. The removal was based upon the Second Amended Counter Complaint that the Johnsons had filed in state court on December 7, 2001.

## MOTIONS

### 1. *United States' Motion to Dismiss Third–Party Complaint Against Federal Officials (Dkt.18)*

It appears from a reading of the Second Amended Counter Complaint that the Johnsons have set forth the following claims against the federal defendants: Mr. Aurand, acting in complicity with the Secretary (Mr. O'Neill) and the Commissioner (Mr. Rossotti), caused fictitious Notices of Federal Tax Lien to be recorded with the Auditor of Clallam County, Washington; that these fictitious Notices should be expunged from the Clallam County lien index; and that the Secretary and the Commissioner should be enjoined from future attempts to record such documents without first obtaining a judgment and producing an actual lien.

The federal defendants claim that (1) the individual defendants should be dismissed from this action because they have been named in their official capacities, and the United States should have been named instead; and (2) the federal court lacks jurisdiction over the Johnsons' claims for injunctive relief because the United States is protected by sovereign immunity.

■ *Defendant Named in Official Capacities.* A suit against an officer of the United States with respect to actions taken in his or her official capacity, where relief sought would expend itself against the federal fisc, is deemed to be against the United States. *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458–59 (9th Cir.1985); *Ferrel v. Brown,* 847 F.Supp. 1524, 1526 (W.D.Wash.1993) *aff'd,* 40 F.3d 1049 (9th Cir.1994).

Under Fed.R.Civ.P. 21, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Because this action is against defendants in their official capacities, the individually named federal defendants should be dismissed from this action, and the United States should be substituted as a defendant.

■ *Sovereign Immunity.* Under the doctrine of sovereign immunity, no court has jurisdiction to award any relief against the United States unless such relief is expressly authorized by statute. *See United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969); *United States v. Sherwood,* 312 U.S. 584, 586–87, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). As the sovereign, the United States may be sued only to the extent that it has expressly consented to be sued. *Sherwood,* 312 U.S. at 586, 61 S.Ct. 767. A plaintiff who brings an action against the United States must find an express waiver of sovereign immunity that allows such an action. *Lonsdale v. United States,* 919 F.2d 1440, 1444 (10th Cir.1990). When there is no

waiver of sovereign immunity, it is appropriate for the court to dismiss the action for lack of subject matter jurisdiction. *Gilbert v. DaGrossa,* 756 F.2d at 1458.

■ The Anti–Injunction Act, I.R.C. § 7421(a) provides, with limited statutory exceptions, that "[n]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person whether or not such person is the person against whom such tax was assessed." The dual purposes of the Act are (i) to protect the government's need to assess and collect taxes as expeditiously as possible with the minimum of pre-enforcement judicial interference, (ii) while preserving legal rights for taxpayers in the form of a properly commenced tax refund suit. *Bob Jones University v. Simon,* 416 U.S. 725, 736–37, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974); *Enochs v. Williams Packing Navigation Co., Inc.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962).

■ The Act has a limited judicial exception. To avail themselves of that judicial exception, the Johnsons would need to allege and prove that (1) it is clear that under no circumstances could the government ultimately prevail, and (2) equity jurisdiction is otherwise present. *Enochs v. Williams,* 370 U.S. at 7, 82 S.Ct. 1125.

■ With regard to the first prong, the Supreme Court has held that only if it apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for injunction be maintained. *Id.* In this instance, the Johnsons have not made a sufficient showing that the United States cannot establish its claim, if the claim were raised in a proper proceeding. They claim that the tax lien was "fictitious," but have set forth no plausible facts or supportable legal basis for that claim in their Second Amended Counter Complaint. The filing of a Notice of Federal Tax Lien is required by I.R.C. § 6323 to make the statu-

tory lien effective as to third parties entitled to notice.

To meet the second prong of the exception to the Act, the Johnsons would be required to demonstrate that they have no remedy at law and that denial of injunctive relief would cause immediate, irreparable injury. *See Church of Scientology of California v. United States,* 920 F.2d 1481, 1486 (9th Cir.1990). In this case, the Johnsons have an adequate remedy at law. They may file a refund suit to recover taxes that they allege were illegally or erroneously assessed. *See Cool Fuel, Inc. v. Connett,* 685 F.2d 309, 314 (9th Cir. 1982). The have made no allegations or showing that denial of injunctive relief would cause immediate and irreparable injury.

The Johnsons have not shown that they are entitled to maintain an action for injunctive relief against the federal defendants on the basis of an exception to the Anti–Injunction Act. The United States is protected by sovereign immunity for the Johnsons' claims for injunctive relief. The United States' motion to dismiss should be granted as to the Johnson's claim for injunctive relief, and that claim should be dismissed with prejudice.

### 2. *Runar Dean Johnson and Lavina Johnson's Amended Motion for Leave to File a Third Amended Counter Complaint (Dkt.14)*

On February 11, 2002, the Johnsons filed a document entitled "Amended Motion for Leave to Amend the 'Verified Declaration and Petition for Redress of Grievance in the nature of a: 3rd Amended Counter Complaint' and, Proposed Verified Declaration and, Memorandum of Definitions, and Petition for Redress of Grievance in the nature of a: Third Amended Counter Complaint" (third amended counter complaint) (Dkt.14). The court has

considered this document a motion to file a third amended counter complaint.

The motion to file a third amended counter complaint seeks to amend the third-party complaint to seek damages from the United States Department of Treasury for extortion, fraud, conspiracy, complicity, and deprivation of due process. *See* Dkt. 14, at ¶¶ 114–115, 120–121.

■ Although leave to amend a complaint under Fed.R.Civ.P. 15(a) should be freely granted when justice so requires, amendment should not be allowed when it would be futile. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183 (9th Cir.1987).

■ *Tort Claims.* The proposed Third Amended Counter Complaint names Paul H. O'Neill, Charles O. Rossotti, and James T. Aurand as defendants. The allegations of extortion, fraud, conspiracy and complicity in the proposed Third Amended Counter Complaint sound in tort. Therefore, the United States ordinarily would be substituted for the individual federal defendants pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2679(d)(1), after certification by the United States Attorney that they were acting within the scope of their employment. *See Plant v. Internal Revenue Service,* 943 F.Supp. 833, 836 (N.D.Ohio 1996). However, 28 U.S.C. § 2680(c) expressly exempts any claim arising in respect of the assessment or collection of any tax. Amendment of the second amended counter complaint would therefore be futile with respect to the Johnsons' claims for damages based on based on extortion, fraud, conspiracy and complicity.

■ *Claims under Internal Revenue Code.* Paragraph 15 of the proposed third amended counter complaint cites 28 U.S.C. § 1346 as a basis for jurisdiction. That statute, in conjunction with 26 U.S.C. § 7422(a), permits taxpayers to file suits for refund in federal district court and therefore acts as a waiver of sovereign immunity, buts its conditions and limitations must be strictly observed. *Vintilla v. United States,* 767 F.Supp. 249, 252 (M.D.Fla.1990), *aff'd,* 931 F.2d 1444 (11th Cir.1991). No jurisdiction exists for a refund suit unless the plaintiff has paid the tax and filed an administrative refund claim that has been rejected or has not been acted upon with six months. *Thomas v. United States,* 755 F.2d 728, 729 (9th Cir.1985). In their third amended counter complaint, the Johnsons do not allege that the tax assessed against them was paid, nor do they allege that a refund claim was filed and denied or not acted upon within six months. Further, the proposed third amended counter complaint seeks damages, not a refund of taxes they paid. Therefore, sovereign immunity has not been waived under 28 U.S.C. § 1346(a) and 26 U.S.C. § 7422(a).

Paragraphs 16–17 of the proposed third amended counter complaint also cite Sections 7431 and 7433 of the Internal Revenue Code as bases for jurisdiction. Section 7431 is entitled "Civil Damages for Unauthorized Inspection or Disclosure of Returns and Return Information," and Section 7433 is entitled "Civil Damages for Unauthorized Collection Actions." The proposed third amended counter complaint does not contain allegations sufficient to state a cause of action under either of these sections. The Johnsons do not seek to assert that any officer or employee of the IRS improperly inspected their tax returns or disclosed their return information, nor do they seek to assert that the IRS recklessly or intentionally, or by reason of negligence, disregarded any Code provision or regulations. The basis of the claims against the federal defendants is that the federal income tax system is illegal and unenforceable, therefore invalidating the Notices of Federal Tax Lien at issue in this action, which were recorded to

collect their unpaid income tax. *See* Dkt. 14, ¶ 104, alleging that the sections of the Internal Revenue Code governing assessments, liens and levies apply only to excise tax upon unmanufactured cotton and distilled spirits and other special (occupational) tax.

The Johnsons have not shown that sovereign immunity has been waived.

The claims against the federal defendants in the proposed third amended counter complaint, and the basis for the court's jurisdiction, are frivolous and without merit. Amendment by means of this third amended counter complaint would be futile. The court should deny the Johnsons' motion to file a third amended counter complaint.

### 3. *Runar Dean Johnson and Lavina Johnson's Amended Motion for Leave to File a Fourth Amended Counter Complaint (Dkt.27)*

On March 11, 2002, plaintiffs filed the following document: Verified Declaration and, *Notice of Withdrawal of Co-Complainants:* Amended Motion for Leave to Amend the "Verified Declaration and Petition for Redress of Grievance in the nature of a: 3rd Amended Counter Complaint" and, Proposed Verified Declaration and Memorandum of Definitions, and, Petition for Redress of Grievance in the nature of a: Third Amended Counter Complaint, and, Co-Complainants response to "UNITED STATES RESPONSE TO MOTION TO AMEND THIRD-PARTY COMPLAINT AGAINST FEDERAL OFFICIALS": and, Motion for Leave to Amend, and Proposed Petition for Redress of Grievance in the nature of a:4th Amended Counter Complaint. Dkt. 27. The court has interpreted this document as a motion to file a fourth amended counter complaint.

In this document, the Johnsons claim that they have attempted to correct the deficiencies identified by the federal defendants in their response to the Johnsons' motion to file a third amended counter complaint. Specifically, they have named the federal defendants in their personal as well as official capacities, and have stated claims for violation of their Fourth, Fifth, and Fourteenth Amendment rights; and for Racketeer Influenced and Corrupt Organizations (RICO) violations pursuant to 18 U.S.C. § 1964.

The Johnsons' attempt to name the federal officials in their personal or individual capacities is without merit, since the allegations involve a challenge to the federal government's taxing authority. The proposed fourth amended counter complaint does not allege any conduct by the federal officials that was not pursuant to the official duties delegated to them. The Johnsons have not alleged personal participation necessary to support a cause of action against the federal defendants in their individual capacities. The claims raised in the proposed fourth amended counter complaint are claims against the federal defendants in their official capacities.

 Claims under the Fourth, Fifth, and Fourteenth Amendments are in the nature of an action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), which may not be brought against a federal agency. *F.D.I.C. v. Meyer*, 510 U.S. 471, 483–486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). In suits challenging the assessment and collection of federal taxes, the remedies provided by Congress, particularly the right to sue the government for a refund of taxes improperly collected, foreclose a damage action under *Bivens*. *Wages v. IRS*, 915 F.2d 1230, 1235 (9th Cir.1990).

 With regard to the RICO claims in plaintiffs' proposed Fourth Amended complaint, the United States has not

waived its sovereign immunity with respect to actions brought by individuals against the United States under the Racketeer Influenced and Corrupt Organizations (RICO) statutes (18 U.S.C. § 1961, et seq.). *Sherwood v. U.S.*, 1996 WL 732512, *3, (N.D.Cal.1996).

The claims against the federal defendants in the proposed fourth amended counter complaint, and the basis for the court's jurisdiction, are frivolous and without merit. Amendment by means of this fourth amended counter complaint would be futile. The court should deny the Johnsons' motion to file a fourth amended counter complaint.

### 4. *Ross Lay's state court motion for default and motion to dismiss the second amended counter-complaint filed by Runar Dean Johnson and Lavina Johnson (Dkt.17)*

Before this action was removed to federal court by the federal defendants, Ross Lay had filed a motion for default as to the second amended complaint, and a motion to dismiss the second amended counter complaint. *See* Dkt. 17. On February 14, 2002, Mr. Lay noted these motions on the federal court's docket pursuant to Local Rule CR 101(c).

Under 28 U.S.C. § 1367, a federal court may assume supplemental jurisdiction over all other claims that are so related to claims in the action within the original jurisdiction so that they form part of the same case or controversy. The Court may decline to exercise this supplemental jurisdiction if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

This case raises issues of state law that are of some complexity. The state law claims clearly predominate over the claims over which the district court has original jurisdiction. The underlying quiet title actions at issue were remanded by this court earlier in the proceedings. The underlying claims in this case involved quieting title to a parcel of real property. The federal court's jurisdiction is based solely on the claims in the a third party complaint against the federal defendants, and these claims are arguably a separate case from the quiet title action. Those claims against the federal defendants are dismissed by this order. Finally, there appear to be exceptional circumstances weighing against this court's retaining jurisdiction over the claims based on state law. A review of the record shows that the state court had made a number of rulings related to the quiet title action, including striking pleadings. The case has already been the subject of a state appellate court ruling regarding whether a non-attorney can represent Bell Consumers and/or the Johnsons. The issue of who may represent Bell Consumers has been raised in state court, and may well become an issue related to Ross Lay's motion for default. In light of the dismissal of the federal defendants, the remaining issues in this case should be remanded to state court.

Accordingly, it is hereby **ORDERED** that the United States' Motion to Dismiss Third–Party Complaint Against Federal Officials (Dkt.18) is **GRANTED.** The claims against Paul H. O'Neill, Charles O. Rossotti, and James T. Aurand are **DISMISSED,** and the United States is **SUBSTITUTED** as defendant in their place. The Johnsons' claims for injunctive relief against the United States are **DIS-**

**MISSED WITH PREJUDICE.** Runar Dean Johnson and Lavina Johnson's amended motion for leave to file a third amended counter complaint (Dkt.14) is **DENIED.** Runar Dean Johnson and Lavina Johnsons' motion for leave to file a fourth amended counter complaint (Dkt.27) is **DENIED.** The remaining issues in this case are hereby **REMANDED** to Clallam County Superior Court.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address. The Clerk is further directed to send certified copies of this order to the Clerk of the Court for Clallam County Superior Court.

### ORDER DENYING MOTION FOR RECONSIDERATION

This matter comes before the Court on Runar Dean Johnson and Lavina Rae Johnson's (the Johnsons) Motion for Reconsideration. Dkt. 32. The court has considered the documents filed in support of the motion and the file herein.

On March 18, 2002, the court issued an Order, (1) granting the United States' Motion to Dismiss Third–Party Complaint Against Federal Officials, substituting the United States as a defendant in place of the individually named defendants, and dismissing with prejudice the claims for injunctive relief against the United States; (2) denying Runar Dean Johnson and Lavina Johnsons' motion for leave to file a fourth amended counter complaint; and (3) remanding the remaining issues in this case to Clallam County Superior Court. Dkt. 31.

Runar Dean Johnson and Lavina Rae Johnson have filed a motion for reconsideration, requesting that the court (1) strike the void March 28, 2002 order and March 21, 2002 judgment; (2) grant them leave to file an amended counter complaint; (3) strike the responses of the United States

to their motions; and (4) strike the order of remand and reinstate this case in federal court. Dkt. 32.

Local Rule CR 7(h) provides in relevant part as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

This motion for reconsideration is based upon the arguments the Johnsons made in prior documents filed with the court. In addition, they cite 26 U.S.C. § 7804(b) for their claim that they may maintain an action in federal court. This statute, which relates to the 1954 plan for reorganization of the Bureau of Internal Revenue, does not confer substantive rights, as suggested by the Johnsons. The Johnsons have not shown a manifest error in the prior ruling nor have they shown new facts or legal authority which could not have been brought to the court's attention earlier with reasonable diligence. The motion for reconsideration should be denied.

In this motion for reconsideration, the Johnsons state that if this motion is denied, "it" shall be deemed a Notice of Appeal. Dkt. 32, at 12. This order relates to the Johnsons' motion for reconsideration. If the Johnsons wish to file a notice of appeal, they may do so.

Therefore, it is hereby

**ORDERED** that Runar Dean Johnson and Lavina Rae Johnson's Motion for Reconsideration (Dkt.32) is **DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record

and to any party appearing *pro se* at said party's last known address.