Jacob P. BAUMOHL

v.

COLUMBIA JEWELRY COMPANY OF ANNAPOLIS, MARYLAND, a body corporate, and Sidney A. Needle, Agent for Columbia Jewelry Company of Annapolis, Maryland, and U. S. Treasury Department, Internal Revenue Service, Appellate Division, and Mace Silverman.

Civ. No. 7864.

United States District Court, D. Maryland, Civil Division.

Jan. 28, 1955.

**866**

Joseph W. Spector and Donald T. A. Fair, Baltimore, Md., for plaintiff.

Joseph Sherbow, Sidney A. Needle, Baltimore, Md., for Columbia Jewelry Co. of Annapolis, Md.

George Cochran Doub, U. S. Atty., and Walter E. Black, Jr., Asst. U. S. Atty., Baltimore, Md., for U. S. Treasury Department.

Harold Lewis, Baltimore, Md., for Mace Silverman.

THOMSEN, District Judge.

Defendants' several motions to dismiss question the jurisdiction of this court and the suability of one of the defendants. The complaint cites no statute, but alleges that "The matter in controversy exceeds, exclusion of interest and costs, the sum of $3000.00 and Defendant, U. S. Treasury Department Internal Revenue Service, is an instrumentality of the U. S. Government". At the argument plaintiff's counsel claimed jurisdiction under 28 U.S.C.A. § 1340, which provides:

"The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Customs Court. June 25, 1948, c. 646, 62 Stat. 932."

The complaint alleges that defendant U. S. Treasury Department Internal Revenue Service holds a tax lien against defendant Columbia Jewelry Company, Int. Rev.Code 1954, §§ 6321, 6322, 26 U.S. C.A., 26 U.S.C.A. §§ 3670, 3671, but does not allege that said lien has ever been filed anywhere by the collector, Int.Rev. Code 1954, § 6323, 26 U.S.C.A., 26 U.S. C.A. § 3672. The complaint further alleges that defendant Needle, as secretary of and attorney for the company, negotiated with the Internal Revenue Service for settlement of the lien, and, as a result of said negotiations, was authorized by the Internal Revenue Service to accept sealed bids for the assets of the company, such bids to be opened by an agent of the Internal Revenue Service and to be accepted or rejected as the Internal Revenue Service might decide; that on Friday, October 29, 1954, the assets of the company were "opened for inspection" of prospective purchasers, and sealed bids were received by Needle; that plaintiff "has reason to believe" that defendant Mace Silverman was represented by an associate of Needle; that plaintiff bid $68,000 for the assets; that his bid was rejected; that "the alleged bid of Mace Silverman, $68,250.00, represented by an attorney believed to be as (sic) associate of the attorney conducting the sale therefore was highest"; that plaintiff on or about November 1, 1954, made known to the agent of Internal Revenue Service "his beliefs and complaints concerning the irregularities, collusion and dual representations" and by letter dated on or about November 5. 1954, offered $69,000 for the assets; that "the irregularities, collusion and dual representation in the handling of this sale, prevented a fair sale, depressed the amount to be realized from the sale and has deprived the taxpayers and the United States Government from realizing all from this sale that could be obtained."

Plaintiff prays for a decree. (1) enjoining defendants from consummating and settling for this sale; (2) setting aside the sale and declaring the same null and void; (3) "considering" plain-

tiff's offer of $69,000, or in the alternative directing a sale under jurisdiction of the court; (4) granting other and further relief.

▬ U. S. Treasury Department, Internal Revenue Service, is not a legal entity which can be sued in this court. Plaintiff's counsel stated at the argument that he intended the action to be against the United States. However, Congress has not waived the sovereign immunity of the United States to such a suit as this. This action does not "arise under any Act of Congress providing for internal revenue," within the meaning of 28 U.S.C.A. § 1340. It is a suit to set aside a private sale by a private party, alleged to have been "authorized" by the Internal Revenue Service, with the understanding that no bid would be accepted unless the Internal Revenue Service approved. It is true that the United States will ultimately receive the proceeds of the sale in partial or full payment of taxes, but that does not make it a public sale, or a sale by an agent of the United States. It was certainly not a sale provided for by any Act of Congress, though I do not mean to imply that the Internal Revenue agents acted improperly or unwisely. This is not an action to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien. 28 U.S.C.A. § 2410.

▬▬ The matter in controversy does not arise under the Constitution, laws or treaties of the United States, within the meaning of 28 U.S.C.A. § 1331. The plaintiff and the individual defendants are citizens of Maryland, and the corporate defendant is a Maryland corporation; there is, therefore, no jurisdiction under 28 U.S.C.A. § 1332.

Defendants Needle and Silverman have filed affidavits denying that Silverman has ever been represented by Needle or by anyone associated with him. The complaint alleges no facts which justify the bare allegation of "irregularities, col-

lusion and dual representation" or which tend to show that the sale was not fairly made.

I will sign an order dismissing the action as to all defendants.