Lewis L. **KROUSE** and Marlys M. Krouse, Plaintiffs,

v.

**UNITED STATES GOVERNMENT TREASURY DEPARTMENT INTERNAL REVENUE SERVICE**, Defendant.

Civ. No. 74–921–AAH.

United States District Court, C. D. California.

Aug. 22, 1974.

Plaintiffs in pro per.

William D. Keller, U. S. Atty. by Charles H. Magnuson, Asst. U. S. Atty., Chief Tax Div., for defendant.

HAUK, District Judge.

On the basis of all matters properly a part of the record in this case, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

### I.

On April 8, 1974, plaintiffs filed what was designated as "Complaint Monies Due by IRS Concurrence, Temporary vs. Permanent Basis, United States Constitutional Rights, and Harassment," against the "United States Government, Treasury Department, Internal Revenue Service." In this complaint plaintiffs

appear to seek four types of relief with respect to their taxable years 1969 through 1972: (1) refund of monies due from the Internal Revenue Service; (2) clarification of a Treasury Regulation; (3) injunction against Internal Revenue Service personnel from pursuing assessment and collection activities against plaintiffs; and (4) money damages for alleged tortious conduct of Internal Revenue Service agents.

## II

No proper claim for refund has been filed by plaintiffs with respect to their taxable years 1969 through 1972.

## III

Plaintiffs' seeking of a clarification of a Treasury Regulation is a request for a declaratory judgment.

## IV

No showing has been made by plaintiffs that Internal Revenue Service personnel have been pursuing assessment and collection procedures against plaintiffs in any manner not authorized by law.

## V

Any Finding of Fact deemed to be more properly a Conclusion of Law shall be considered to be a Conclusion of Law.

## CONCLUSIONS OF LAW

### I

■ The Department of the Treasury and the Internal Revenue Service are not entities subject to suit and they should be dismissed. Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952); Baumohl v. Columbia Jewelry Co., 127 F.Supp. 865 (D.Md. 1955).

### II

■ Where a complaint (such as the instant complaint) seeks to make out claims against the sovereign, in order for the suit to stand the pleader must demonstrate that there are statutes of the United States (1) waiving the immunity of the sovereign to be sued in an action such as that sought to be maintained and (2) conferring subject matter jurisdiction upon the court before which the action is brought: failure of the pleader to have satisfied either of these requisites dictates the dismissal of this action. United States v. Alabama, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327 (1941); United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L. Ed. 1058 (1941); United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L. Ed. 888 (1940).

### III

■ In the absence of an allegation that a claim for refund or credit has been duly filed with the Secretary of the Treasury or his delegate, according to the provisions of law in that regard and the regulations of the Secretary established in pursuance thereof, the Court is without jurisdiction to entertain the action to the extent it seeks a refund of monies due from the Internal Revenue Service. 26 U.S.C. section 7422; Cherry Cotton Mills, Inc. v. United States, 327 U.S. 536, 66 S.Ct. 729, 90 L.Ed. 835 (1946); Angelus Milling Co. v. Commissioner, 325 U.S. 293, 65 S.Ct. 1162, 89 L.Ed. 1619 (1945); United States v. Garbutt Oil Co., 302 U.S. 528, 58 S.Ct. 320, 82 L.Ed. 405 (1938); United States v. Andrews, 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398 (1938); United States v. Felt & Tarrant Co., 283 U.S. 269, 51 S. Ct. 376, 75 L.Ed. 1025 (1931).

### IV

■ To the extent plaintiffs' complaint seeks a declaratory judgment in the form of a clarification of a Treasury Regulation, this Court is without jurisdiction to entertain the action. 28 U.S. C. section 2201.

### V

■ To the extent plaintiffs' complaint seeks an injunction against Internal Revenue Service personnel from

pursuing assessment and collection activities against plaintiffs, this Court is without jurisdiction to entertain the action. 26 U.S.C. section 7421(a).

### VI

To the extent plaintiffs' complaint seeks money damages for alleged tortious conduct of Internal Revenue Service agents arising in respect of the assessment or collection of federal taxes, this Court is without jurisdiction to entertain the action. 28 U.S.C. section 2680(c).

### VII

Plaintiffs' Complaint Monies Due by IRS Concurrence, Temporary vs. Permanent Basis, United States Constitutional Rights, and Harassment should be dismissed with prejudice.

### VIII

Any Conclusion of Law deemed to be more properly a Finding of Fact shall be considered to be a Finding of Fact.