Don H. PACE and Bonnie L. Pace, and on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Leonard PLATT, Joan E. Klar, Timothy J. Lee, Henry O. Lamar, Jr., Jane and John Does 1–500, and the Internal Revenue Service, Defendants.

No. 3:01–CV–452/LAC.

United States District Court,
N.D. Florida,
Pensacola Division.

Aug. 12, 2002.

Don H. Pace, Sedona, AZ, Pro se.

Bonnie L. Pace, Panama City Beach, FL, Pro se.

Wendy K. Vann, U.S. Department of Justice, Washington, DC, for Defendants.

## MEMORANDUM

COLLIER, District Judge.

### I. STATEMENT OF CASE

#### A. Background

Plaintiff DON H. PACE, a suspended Ohio attorney and perennial litigant (Doc. 30, Ex. A), proceeding *pro se,* and his wife, Plaintiff BONNIE L. PACE, also proceeding *pro se,* filed the instant complaint. Plaintiffs allege that, without notice, Defendant LEONARD PLATT, an employee of the Internal Revenue Service (IRS) Criminal Investigation Division imposed an administrative control code 914 (Code 914) on Plaintiffs' 1992, 1994, and 1995 federal income tax accounts, freezing the account

activities (Doc. 1, ¶¶ 16, 55). As a result, Plaintiffs contend that they did not timely receive refunds which were due to them (*Id.,* ¶¶ 23–24, 55). Plaintiffs further contend that Defendants JOAN E. KLAR, TIMOTHY J. LEE; HENRY O. LAMAR, JR., IRS, and UNITED STATES OF AMERICA had supervisory authority over Defendant Platt and both "neglected to adequately supervise" him and "participated in, ratified, approved and covered up" his conduct (*Id.,* ¶ 58).[1] Plaintiffs also contend that Code 914 has been invoked thousands of times by Defendants Platt and JANE AND JOHN DOES 1–500 to seize and delay refunds (*Id.,* ¶¶ 56, 61). Plaintiffs attribute Platt and Does' alleged use of Code 914 to Defendants Klar, Lee, and Lamar.

#### B. Procedural History

Plaintiffs filed a twenty-eight page, six-count complaint on December 3, 2001, relying on Title 28, United States Code, Sections 1343 and 1346(a)(1) & (b) for jurisdiction. In the first count of the complaint, brought pursuant to Title 42, United States Code, Section 1983, Plaintiffs seek declaratory judgment that Code 914 violates the Fifth Amendment of the United States Constitution. The second count, brought pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), asserts a "constitutional tort"–namely, that the implementation of Code 914 by the individual Defendants allegedly violated the Fifth Amendment rights of Plaintiffs. The remaining counts allege tort claims for conversion against the individual defendants (Count III);

---

1. The caption of Plaintiffs' complaint does not include the United States of America as a defendant. However, Plaintiffs name the United States in Counts V and VI of their complaint. Further, since filing the complaint, this Court has ordered that, by operation of law, the United States be substituted for the individual Defendants in Counts III, IV, and VI (Doc. 29). Since the Court concludes that this action must be dismissed, the Court will proceed as though Plaintiffs had named the United States as a party in their complaint.

negligent hiring and supervision against United States, IRS, Klar, Lee, Lamar and Does 1–500 (Count IV); *respondeat superior* against United States and IRS (Count V); and intentional infliction of emotional distress against all Defendants (Count VI). Plaintiffs bring Counts III through VI pursuant to the Federal Torts Claim Act (FTCA), Title 28, United States Code, Sections 2671 through 2680. Pursuant to Title 28, United States Code, Sections 2679(b)(2) and 2679(d)(2), this Court substituted the United States for the individual Defendants in Counts III through VI and dismissed the individual Defendants from those counts (Doc. 29). Defendants now move to dismiss all claims under various theories for want of subject matter jurisdiction and failure to state a claim upon which relief can be granted (Doc. 8).[2]

## II. MOTION TO DISMISS

### A. *Standard*

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure is designed to eliminate complaints or claims over which this Court lacks subject matter jurisdiction. As the party seeking this Court's jurisdiction, Plaintiffs have the burden of alleging facts sufficient to show federal jurisdiction is appropriate. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 188–89, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Plaintiffs carry the burden throughout the litigation and must support their allegations of jurisdiction with sufficient facts if challenged by Defendants or the Court. *See id.* "A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and facts outside of the pleadings may be considered as part of that determination." *Goodman ex rel.*

*Goodman v. Sipos*, 259 F.3d 1327, 1331 n. 6 (11th Cir.2001).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is designed to eliminate counts or complaints that fail to state a claim upon which relief can be granted. As such, this Court must accept all allegations of the complaint as true and construe those allegations in the light most favorable to Plaintiffs. *See Lopez v. First Union Nat'l Bank of Fla.*, 129 F.3d 1186, 1189 (11th Cir.1997). A count may not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiffs can prove no set of facts in support of their claim which would entitled them to relief. *See id.* "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low." *Quality Foods de Centro Am. v. Latin Am. Agribusiness Dev. Corp.*, 711 F.2d 989, 995 (11th Cir.1983).

### 1. Sovereign Immunity

 Defendants argue that they are immune from suit on a number of Plaintiffs claims and that this Court lack subject matter jurisdiction over those claims because (a) Congress has not authorized suit against the IRS, (b) suits in respect to assessing and collecting a tax are excluded from the FTCA, and (c) Plaintiffs have failed to exhaust their administrative remedies "[T]he United States, as a sovereign, 'is immune from suit, save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990). Any statutory waiver of sovereign immunity must be strictly construed in favor of the United States. *See United States v.*

---

**2.** Defendants also move to dismiss the complaint for want of personal jurisdiction and insufficiency of service of process. Because the complaint is dismissed for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted, the Court need not address these arguments.

*Nordic Village, Inc.,* 503 U.S. 30, 33–34, 112 S.Ct. 1011, 1014–15, 117 L.Ed.2d 181 (1992); *Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Engineers,* 87 F.3d 1242, 1249 (11th Cir. 1996). When the United States has not consented to suit, the action must be dismissed for lack of subject matter jurisdiction. *See United States, v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351–52, 63 L.Ed.2d 607 (1980); *Elias v. Connett,* 908 F.2d 521, 527 (9th Cir.1990). Moreover, Plaintiffs, as the parties suing the United States, bear the burden of pointing to an "unequivocable waiver of immunity." *Holloman v. Watt,* 708 F.2d 1399, 1401 (9th Cir.1983), *cert. denied,* 466 U.S. 958, 104 S.Ct. 2168, 80 L.Ed.2d 552 (1984).

### a. IRS as a Party Defendant

■ Plaintiffs have sued the IRS as a defendant in this action. However, Congress has not authorized suit against the IRS. Therefore, it lacks the capacity to be sued. *See Blackmar v. Guerre,* 342 U.S. 512, 514, 72 S.Ct. 410, 411, 96 L.Ed. 534 (1952); *Castleberry v. Alcohol, Tobacco & Firearms Div.,* 530 F.2d 672, 673 n. 3 (5th Cir.1976);[3] *Washburn v. Shapiro,* 409 F.Supp. 3, 8 (S.D.Fla.1976); *Krouse v. U.S. Government Treasury Dept. Internal Revenue Serv.,* 380 F.Supp. 219, 221 (C.D.Cal.1974); *Baumohl v. Columbia Jewelry Co.,* 127 F.Supp. 865 (D.Md.1955). Accordingly, this Court lacks subject matter jurisdiction over suits against the IRS.

Therefore, Defendants' motion is **GRANTED** to that extent and the IRS is **DISMISSED** with prejudice from this action.

### b. FTCA Exclusion for Assessing and Collecting Taxes

■ Defendants argue that Plaintiffs' claims under Counts III through VI are specifically exempted from the FTCA and, therefore, that this Court lacks subject matter jurisdiction over those claims. The FTCA specifically excludes "[a]ny claim arising in respect to the assessment or collection of any tax...." 28 U.S.C.A. § 2680(c) (West 1994). "Section 2680(c) has been interpreted broadly by the courts to preclude suits for damages arising out the alleged tortious activities of IRS agents when those activities were in any way related to the agents' official duties." *Capozzoli v. Tracey,* 663 F.2d 654, 658 (5th Cir.1981) (citing *Morris v. United States,* 521 F.2d 872, 874 (9th Cir.1975); *Broadway Open Air Theatre v. United States,* 208 F.2d 257, 259 (4th Cir.1953); *Pugh v. I.R.S.,* 472 F.Supp. 350, 352–353 (E.D.Pa. 1979); *Paige v. Dillon,* 217 F.Supp. 18, 20 (S.D.N.Y.1963)); *see also Perkins v. United States,* 55 F.3d 910, 913 (4th Cir.1995) (finding agent's asset seizure of mining equipment causing a miner's death was not actionable based on Section 2603 since it was "remotely related" to agent's official duties).[4]

Plaintiffs' complaint raises claims that arise from the IRS's retention of certain

---

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

**4.** Plaintiffs rely on dicta by the Fifth Circuit stating,

> In holding that ... the United States has retained its sovereign immunity under 28 U.S.C. s 2680(c), we do not intend to suggest that the government is insulated from

tort liability for any and all transgressions committed by IRS employees.... Of course, a tort committed under circumstances wholly unrelated to an IRS agent's official duties may ... be so far beyond the agent's scope of employment as to preclude vicarious liability on the part of the United States. However, it is conceivable that an IRS agent could engage in tortious conduct sufficiently removed from the agent's official duties of assessing or collecting taxes as to be beyond the scope of Section 2680(c), and at the same time sufficiently

taxes that Plaintiffs allege should have been refunded to them. Counts III through VI plainly arise "in respect of the assessment or collection of any tax" and the United States has not waived sovereign immunity on those claims.[5] Therefore, Defendants' motion must be **GRANTED** as to Counts III through VI, and those counts must be **DISMISSED** with prejudice.

### c. FTCA Exhaustion

Even if the Court were to find that Defendants' actions did not fall under the assessment and collection exclusion, Counts III through VI still must be dismissed. Under the FTCA, Congress waived sovereign immunity and granted consent for the United States government to be sued for acts committed by any "employee of the Government while acting within the scope of his office or employment." 28 U.S.C.A. § 1346(b) (West Supp. 2001). However, a procedural prerequisite for such a suit is that "[a]n action ... not be instituted ... unless the claimant [has] first presented the claim to the appropriate Federal agency and his claim [has] been finally denied by the agency in writing and sent by certified or registered

mail."[6] 28 U.S.C.A. 2675(a) (West 1994). The filing requirement is satisfied if the claimant "(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980). A claim is "finally denied" when there has been a formal denial or when the agency fails to "make final disposition of a claim within six months." *Id.* This exhaustion prerequisite to suit is a jurisdictional requirement that cannot be waived and Plaintiffs must provide proof that they satisfied this requirement to institute suit against the United States. *See Lykins v. Pointer, Inc.*, 725 F.2d 645, 646–47 (11th Cir.1984); *Employees Welfare Comm. v. Daws*, 599 F.2d 1375, 1378 (5th Cir.1979). Accordingly, this Court does not have jurisdiction over a prematurely filed suit. *See McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 1983, 124 L.Ed.2d 21 (1993).

In the instant case, Plaintiffs' sole allegation of satisfying the administrative exhaustion requirement is that "Plaintiff has duly made demand upon the [IRS] and has received no response" (Doc. 1, ¶ 8). This allegation is insufficient to fulfill Plaintiffs'

---

within the scope of his employment as to give rise to an action against the United States.
*Capozzoli*, 663 F.2d at 658. Based on this dicta, Plaintiffs assert that "in order for the exemption of Section 2680(c) to apply, the Defendant has the burden of showing that the Code 914 was applied to collect 'a specific particular tax debt'" (Doc. 41, p. 16). Plaintiff's argument is contrary to the previously cited authority. Further, even assuming that this exception to the Section 2680(c) exemption is the law, the instant case clearly falls within the exemption, not in the "grey area" between the exemption and the outside boundaries of the FTCA.

**5.** Plaintiffs efforts to characterize their claims as only questioning the motives of Defendants' actions in order to make them action-

able are unconvincing. Allowing such a claim would allow any tax protestor's claim to avoid the Section 2680(c) bar, simply by characterizing it as one that questions the motives of an agent rather than that agent's actions. Such a result contravenes the broad exclusion Congress has granted in this area. *See* 28 U.S.C.A. § 2680(c) (West 1994); *Capozzoli*, 663 F.2d at 658.

**6.** The purpose of this requirement is "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." *Brown v. United States*, 838 F.2d 1157, 1160 (11th Cir.1988) (quoting *Adams v. United States*, 615 F.2d 284, 289 (5th Cir.1980); S. Rep. No. 1327, 89th Cong., 2d Sess. 6, *reprinted in* 1966 U.S.C.C.A.N. 2515, 2516).

procedural prerequisite. First, Plaintiffs do not allege that they instituted this action either six months after filing an administrative claim or after a formal denial of relief on their administrative claim. Further, by his own admission, one plaintiff–Don Pace–gave notice of his claim with the IRS regarding the imposition of Code 914 on August 10, 2001 (Doc. 41, p. 10 & Attach. Dec. ¶ 11).[7] However, Plaintiffs' complaint in this case was filed within six months of the notice, on December 3, 2001 (Doc. 1). Plaintiffs have not averred that their claim was formally denied. Therefore, had the Court reached this issue, it would have determined that Plaintiffs had not sufficiently averred or established proof of jurisdiction for Counts III through VI. Accordingly, the Court would have granted Defendants' motion, and dismissed Counts III through VI.[8]

## 2. Declaratory Judgment

■ Defendants also argue that this Court lacks subject matter jurisdiction over Count I of Plaintiffs' complaint and that Plaintiffs are not entitled to declaratory judgment on that count. Title 28, United States Code, Section 2201(a) provides, in relevant part:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* other than actions brought under section 7428 of the Internal Revenue Code of 1986, ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C.A. § 2201(a) (West 1994) (emphasis added). Congress clearly established that, subject to limited exceptions that are inapplicable to the instant case, this Court does not have subject matter jurisdiction to grant declaratory relief in cases involving federal taxes. *See Willis v. Alexander,* 575 F.2d 495, 496 (5th Cir.1978). Therefore, Defendants' motion is **GRANTED** as

---

7. Defendants presented evidence that the claim was made on August 21, 2001 (Doc. 8, Ex. 9). However, whether the claim was filed on August 10, 2001, the beginning of August 2001, or August 21, 2001, the Court's result is unchanged.

8. Plaintiffs' argument that suit was not "instituted" until Defendants were served is without merit. The Supreme Court has held, "In its statutory context, we think the normal interpretation of the word 'institute' is synonymous with the words 'begin' or 'commence.' The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies *before invocation of the judicial process." McNeil,* 508 U.S. at 112, 113 S.Ct. at 1983–84 (emphasis added). The judicial process is invoked when a complaint is filed, not when a defendant is served. *Cf. Alexander v. Hawk,* 159 F.3d 1321, 1328 (11th Cir.1998) (requiring exhaustion before "filing ... claims in federal court"); *Ivey v. United States,* 873 F.Supp. 663 (N.D.Ga.1995) (relying on filing of complaint as institution of suit).

Further, even assuming *arguendo* that Plaintiffs' claims did not involve assessing and collecting taxes and that Plaintiffs had waited six months before filing the instant case, their claims under Counts III through VI still require partial dismissal. Plaintiffs did not allege–and the record does not demonstrate–that Plaintiffs filed an administrative claim within two years of the accrual of their claims for Counts III through VI. The FTCA provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after the claim accrues." 28 U.S.C.A. § 2401(b) (West 1993). Plaintiffs' complaint establishes that they were aware of their alleged right to refunds for their 1992 taxes and their 1995 taxes by April 1999 and January 1996, respectively (Doc. 1, ¶¶ 25, 46–47). Therefore, had the Court reached the issue, to the extent that Counts III through VI rely on Plaintiffs' 1992 and 1995 tax accounts, they would have been dismissed.

to Count I and it is **DISMISSED** with prejudice.

### 3. *Bivens* Constitutional Tort

 Defendants argue that Plaintiffs' constitutional tort claim must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to state a claim for which relief can be granted since Congress has provided an alternative remedial scheme to Plaintiffs' alleged injury. Courts will not create a damage remedy under *Bivens* for the violation of a constitutional right when Congress has created explicit remedies or when a court-created remedy would interfere with the effective functioning of the government. *See Cameron v. I.R.S.,* 773 F.2d 126, 129 (7th Cir.1985) (citing *Bush v. Lucas,* 462 U.S. 367, 388–90, 103 S.Ct. 2404, 2416–17, 76 L.Ed.2d 648 (1983); *Chappell v. Wallace,* 462 U.S. 296, 303–05, 103 S.Ct. 2362, 2367–68, 76 L.Ed.2d 586 (1983); *Carlson v. Green,* 446 U.S. 14, 18–19, 100 S.Ct. 1468, 1471–72, 64 L.Ed.2d 15 (1980)). The circuits that have specifically addressed this issue have uniformly agreed that Congress has already provided a comprehensive remedial scheme for Plaintiffs' alleged injury–deprivation of their tax refunds–"including, most fundamentally, the right to sue the government for a refund if forced to overpay taxes...." *Id.; see Shreiber v. Mastrogiovanni,* 214 F.3d 148, 150–51 (3d Cir.2000); *Nat'l Commodity and Barter Assoc. v. Archer,* 31 F.3d 1521, 1532 (10th Cir.1994); *Vennes v. An Unknown Number of Unidentified Agents of United States,* 26 F.3d 1448, 1453 (8th Cir.1994), *cert. denied,* 513 U.S. 1076, 115 S.Ct. 721, 130 L.Ed.2d 627 (1995); *McMillen v. U.S. Dep't of Treasury,* 960 F.2d 187, 190–91 (1st Cir.1991) (per curiam) (dicta); *Wages v. I.R.S.,* 915 F.2d 1230, 1235 (9th Cir.

1990), *cert. denied,* 498 U.S. 1096, 111 S.Ct. 986, 112 L.Ed.2d 1071 (1991); *Baddour, Inc. v. United States,* 802 F.2d 801, 808–09 (5th Cir.1986); *see also* 26 U.S.C.A. § 7422 (West Supp.2002). This Court will not substitute a judicially-created remedy for the one Congress has already explicitly provided. Accordingly, Plaintiffs' constitutional tort claim states a claim for which relief cannot be granted and Defendants' motion is due to be **GRANTED** in that regard. Therefore, Count II is **DISMISSED** with prejudice.[9]

### III. SUMMARY

The Court's ruling in this matter may be summarized as follows, and it is hereby **ORDERED**:

1. Defendants' Motion to Dismiss (Doc. 8) is **GRANTED**. This action is **DISMISSED** with prejudice.

2. Plaintiffs' Motion to Extend Time for Service as to Certain Defendants (Doc. 25) is **DENIED** as moot.

3. Plaintiffs' Motion for Continuance Under Rule 56(f) of Motion of Defendants Klar, Lee, and Lamar (Doc. 26) is **DENIED** as moot.

4. Plaintiffs' Supplemental Motion to Extend the Time for Service as to Defendant Henry O. Lamar, Jr. (Doc. 34) is **DENIED** as moot.

5. The Clerk of the Court is directed to close this file. Plaintiffs shall take nothing by this action and go without day.

### *ORDER*

THIS CAUSE comes before the Court on Defendants' Motion to Dismiss, or in the Alternative for Summary Judgment

---

9. The bases to dismiss Counts I and II apply equally to the named plaintiffs and to their proposed class. Therefore, Plaintiffs' complaint is dismissed in its entirety and the Court need not address Defendants' argument that Plaintiffs' proposed class has not exhausted its administrative remedies.

(Doc. 8). Plaintiffs responded in opposition (Doc. 41). Defendants replied (Doc. 30). For the reasons stated below, Defendants' Motion to Dismiss is due to be **GRANTED**. All other pending motions are **DENIED** as moot (Docs. 25–26, 34). This action is **DISMISSED** with prejudice.